Eva C. GOURDINE et al., Plaintiffs,

v.

R. Archie ELLIS et al., Defendants.

Civ. A. No. 75–1188.

United States District Court,
D. South Carolina,
Columbia Division.

Aug. 18, 1977.

John Roy Harper, II, Columbia, S. C., for Annette R. Marbury, Mary C. Talley, Ronald Ritter, Alfrieda Alsbrooks, Joann B. Way, Barbara Lumpkin and Sara Deas.

Arthur C. McFarland, Charleston, S. C., Jack Greenberg, Michael Baller, Barry Goldstein, New York City, for remaining plaintiffs.

Daniel R. McLeod, Atty. Gen., Columbia, S. C., George Beighley, Staff Atty., Julian H. Gignilliat, Columbia, S. C., of counsel, R. Archie Ellis, State Commissioner, South Carolina Department of Social Services; the South Carolina State Board of Social

Services; Mrs. T. K. McDonald, Chairman, Dr. Sam H. Smith, Dr. Agnes H. Wilson, Mrs. Lacy Thrower, Rush L. Bradshaw, Fred Scott and John C. Williams individually and in their official capacities as members of the South Carolina State Board of Social Services; the Richland County, South Carolina Board of Social Services; Collie L. Moore, Chairman, Mrs. Catherine W. Norris, Reverend W. H. Neal, Dr. James J. Pike and Robert E. Alexander, individually and in their official capacities as members of the Richland County South Carolina Board of Social Services; Benjamin M. Blocker, successor to Patricia J. Bouton, Director of Richland County, South Carolina, Department of Social Services; * James B. Edwards, as Governor and Chairman, and Tom Mangum, Rembert C. Dennis, Grady Patterson and Earl Morris individually and in their official capacities; Jack S. Mullins, individually and as Director of the South Carolina State Personnel Division; Fred B. Haskell, individually and as Director; Daisy Johnson; J. E. Bird, J. K. Morris, A. D. Edwards, Zach Weston, T. E. McCutcheon, J. T. Hungate, G. H. Fischer and W. H. Wesson individually and in their official capacities as members of the South Carolina Merit System Council, for defendants.

C. Tolbert Goolsby, Jr., Deputy Atty. Gen., Stephen T. Savitz, Asst. Atty. Gen., Richard D. Bybee, Staff Atty., Columbia, S. C., for The S. C. State Budget & Control Board, its Chairman; James B. Edwards and Tom Mangum, Rembert C. Dennis, Grady Patterson and Earl Morris, indiv. and in official capacities THE S. C. STATE PERSONNEL DIVISION, Jack S. Mullins indiv. and as Director of the S. C. State Personnel Div.; Fred B. Haskell indiv. and as Director of the Single Cooperative Interagency Merit System Council; Daisy Johnson, J. E. Bird, J. K. Morris, A. D. Edwards, Zach Weston, T. E. McCutchen, J. T. Hungate, G. H. Fischer and W. H. Wesson, indiv. and in

their official capacities as members of S. C. Merit System Council.

## ORDER ON DEFENDANTS' MOTION TO DISMISS

HEMPHILL, District Judge.

This is a civil rights action alleging violations by defendants of 42 U.S.C. §§ 1981 and 1983. This court, by order of April 26, 1977, denied plaintiffs' motion to amend Complaint to include alleged violations under Title VII of the Civil Rights Act for a lack of subject matter jurisdiction. At that time, the court allowed an amendment to add certain additional parties as defendants without prejudice to those parties' rights to make appropriate motions to dismiss. The case is now before the court upon motions [1] of the South Carolina State Budget and Control Board, James B. Edwards as Governor and Chairman and Tom Mangum, Rembert C. Dennis, Grady Patterson, and Earle Morris, individually and in their official capacities as members of the Budget and Control Board; the South Carolina State Personnel Division; Jack S. Mullins, individually and as Director of the South Carolina State Personnel Division; Fred B. Haskell, individually and as Director of the South Carolina Single Cooperative Interagency Merit System Council; and Daisy Johnson, J. E. Bird, J. K. Morris, A. D. Edwards, Zach Weston, T. E. McCutchen, J. T. Hungate, G. H. Fischer and W. H. Wesson, individually and in their official capacities as members of the South Carolina Merit System Council, to dismiss them as to §§ 1981 and 1983 claims in the Complaint on various grounds.

■ Defendants have also moved to strike the allegations contained in paragraphs 9, 10 and 11 of plaintiffs' amended Complaint which alleged that the State Budget and Control Board, the South Carolina State Personnel Division, and the Merit System Council are agencies of the State of South Carolina within the meaning of 42

---

* Dismissed 8–18–77 as agencies but not individually.

1. Filed June 14, 1977.

U.S.C. § 2000e(a) [2], pursuant to Rule 12(f) [3] of the Federal Rules of Civil Procedure claiming such allegations are immaterial. This court's order of April 26, 1977 denied plaintiffs' motion to amend their Complaint to add allegations under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e(a) defines the term "person" as it pertains to that Act. Therefore, any such allegations regarding Title VII are now immaterial to this Act as the proposed amendment has been denied and they should be properly stricken. Accordingly, the allegations contained in paragraphs 9, 10 and 11 referring to 42 U.S.C. § 2000e(a) are stricken.

■ The South Carolina State Budget and Control Board, the South Carolina State Personnel Division, the South Carolina Single Cooperative Interagency Merit System, and the South Carolina Merit System Council should be dismissed from this case in that they are not "persons" which can be charged with liability under the Civil Rights Act. *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *City of Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Arunga v. Weldon,* 469 F.2d 675 (9th Cir. 1972); *Percy v. Brennan,* 384 F.Supp. 800 (S.D.N.Y.1974). The Complaint against these agencies is herewith dismissed.

The South Carolina State Budget and Control Board, the South Carolina State Personnel Division, the South Carolina Single Cooperative Interagency Merit System, and the South Carolina Merit System Council and all of the individual defendants in their official capacities move to dismiss this case on the grounds that each defendant, while acting in their official capacities, are in the position of an *altèr ego* of the State

of South Carolina. For this reason, it is their position that the Eleventh Amendment bars any suit for recovery of monetary relief against them. The text of the Eleventh Amendment appears clear:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, if commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

Although this Amendment has been interpreted to allow suits in federal courts against states seeking only prospective equitable relief, *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the Supreme Court has consistently held that a state is immune from actions for money damages absent an enabling statute, which is not present here. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). This ruling also applies to state agencies and officials while operating in their official capacities. As the Court said in *Edelman* :

> It is also well established that even though a State is not named a party to the action, the suit may nonetheless be barred by the Eleventh Amendment. In *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945), the Court said:
>
> > '[W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants.' Id., at 464, 65 S.Ct. at 350, 89 L.Ed. 389.

**2.** 42 U.S.C. § 2000e(a) provides: Definitions For the purposes of this subchapter—
  (a) The term "person" includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in bankruptcy, or receivers.

**3.** Fed.R.Civ.P. 12(f) provides:

Motion to Strike. Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Thus the rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment. 415 U.S. 663, 94 S.Ct. 1355–1356, 39 L.Ed.2d 672 (citations omitted.)

The plaintiffs cite the recent Supreme Court case of *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976), with the proposition that the prohibitions found in the Eleventh Amendment are generally inapplicable to suits brought under the Civil Rights Act. In *Fitzpatrick,* a state challenged the validity, under the Eleventh Amendment, of those 1972 amendments to the Civil Rights Act of 1964, which specifically authorize private suits against the state for back pay by state employees for violations of Title VII of that Act. The state there argued that such actions for back pay were actions for monetary relief brought against the state in federal court and were therefore directly within the prohibition of the Eleventh Amendment. The court found that the Eleventh Amendment did not bar suits against states which were properly provided for under the Fourteenth Amendment because the Fourteenth Amendment is specifically directed at the conduct of individual states, stating:

> We think that the Eleventh Amendment and the principle of states' sovereignty which it embodies, . . . are necessarily limited by the enforcement provisions of Section 5 of the Fourteenth Amendment. In that section, Congress is expressly granted authority to enforce 'by appropriate legislation' the substantive provisions of the Fourteenth Amendment, which themselves embodied signifi-

cant limitations on state authority. When Congress acts pursuant to Section 5, not only is it exercising legislative authority that is plenary within the terms of the constitutional grant, it is exercising that authority under one section of a constitutional amendment whose other sections by their own terms embody limitations on state authority. We think that Congress may, in determining what is 'appropriate legislation, for the purposes of enforcing the provisions of the Fourteenth Amendment, provide for private suits against states or state officials which are constitutionally impermissible in other context. 427 U.S. 456, 96 S.Ct. 2671, 49 L.Ed. at 621 (citations omitted.)

The opinion is clearly based upon two factors, (1) the special nature of the Fourteenth Amendment as an amendment which regulates the activities of states and therefore may encroach upon the Eleventh Amendment, and (2) the fact that Congress, in exercising its authority to enforce the Fourteenth Amendment, has given specific and express authorization to individuals for actions against states under Title VII of the 1972 Amendment.

■ 42 U.S.C. § 1981[4] is based upon the Thirteenth rather than the Fourteenth Amendment and, therefore, the rationale of *Fitzpatrick* is wholly inapplicable, as the Thirteenth Amendment does not contain the specific limitations on state sovereignty contained in the Fourteenth. By the same token, 42 U.S.C. § 1983[5] is not within the rationale of *Fitzpatrick* because that statute does not contain the specific expression of the congressional intent that actions in federal court may be brought against states that the court found so important in the

---

4. 42 U.S.C. § 1981 provides: Equal rights under the law

   All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

5. 42 U.S.C. § 1983 provides: Civil action for deprivation of rights

   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

1972 amendments to the Civil Rights Act of 1964. 42 U.S.C. § 1983 is completely devoid of any congressional authorization to join the state as a defendant in actions under that section, and therefore such actions are barred by the Eleventh Amendment. For this reason, this case insofar as it requests monetary relief, should be dismissed with respect to defendants, The South Carolina State Budget and Control Board; James B. Edwards as Governor and Chairman, and Tom Mangum, Rembert C. Dennis, Grady Patterson and Earle Morris, in their official capacities; The South Carolina State Personnel Division; Jack S. Mullins, as Director of the South Carolina State Personnel Division; Fred B. Haskell, as Director of the Single Cooperative Interagency Merit System; The South Carolina Merit System Council; Daisy Johnson, J. E. Bird, J. K. Morris, A. D. Edwards, Zach Weston, T. E. McCutchen, J. T. Hungate, G. H. Fischer, and W. H. Wesson, in their official capacities as members of the South Carolina Merit System Council. The dismissal of the action for monetary relief with respect to the individual defendants only based their action against them in their *official* capacities. The actions against them in their *individual* capacities remain.

Therefore, for the foregoing reasons, the defendants' motion to strike is granted in its entirety. The defendants' motion to dismiss is granted in its entirety with respect to defendants South Carolina State Budget and Control Board, South Carolina State Personnel Division, the South Carolina Single Cooperative Interagency Merit System, and the South Carolina Merit System Council. The defendants' motion to dismiss with respect to the individual defendants acting in their *official* capacities is dismissed with respect to any action for monetary relief but is denied with respect to actions for prospective equitable relief. The defendants' motion to dismiss the individual defendants in their *individual* capacities is denied in its entirety.

AND IT IS SO ORDERED.