Daniel P. **CRIBB** and Barbara Cribb, Plaintiffs,

v.

**L.B. PELHAM, individually and as a Representative of the South Carolina Highway Patrol; W.H. Beckwith, individually and as Representative of the South Carolina Highway Patrol; the South Carolina Highway Patrol, an independent body; W. Harry Conner, both individually and as a Representative of the Florence County Solicitors Office; Dudley Saleeby, both individually and as a Representative of the Florence County Solicitors Office; and the County of Florence, State of South Carolina, Defendants.**

Civ. A. No. 81–2749–15.

United States District Court, D. South Carolina, Columbia Division.

Nov. 24, 1982.

---

James L. Bell, Columbia, S.C., for plaintiffs.

C. Tolbert Goolsby, Jr., and James M. Holly, Columbia, S.C., Peter D. Hyman, Florence, S.C., Joseph C. Coleman, Columbia, S.C., for defendants.

## ORDER

HAMILTON, District Judge.

The complaint herein purports to state seven causes of action against six defendants for damages sustained by reason of the alleged unlawful arrest and subsequent state prosecution of plaintiff Daniel P. Cribb. Mr. Cribb asserts claims for the alleged deprivation of rights secured by 42 U.S.C. §§ 1983, 1985 and 1988 and the Sixth and Fourteenth Amendments to the United States Constitution; and, along with Mrs. Cribb, seeks to impose liability on defendants based upon pendent state law claims sounding in tort.

Before the court for ruling at this time are three motions. First, by motion filed January 12, 1982, the defendant South Carolina Highway Patrol has moved this court to dismiss the complaint as against it pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Second, by motion filed January 19, 1982, the defendants Dudley Saleeby and W. Harry Conner have moved this court to dismiss the complaint as against them pursuant to Rule 12(b)(6). Finally, by motion filed February 15, 1982, the defendant County of Florence, State of South Carolina, has moved this court to dismiss the complaint as against it pursuant to Rule 12(b)(6) or, in the alternative, for summary judgment in its favor pursuant to Rule 56. The respective parties have presented to the court memoranda of authorities in support of and in opposition to the various motions, and oral arguments were heard on July 27, 1982.

## MOTION OF DEFENDANT PATROL TO DISMISS

This first matter is before the court on a motion to dismiss filed by defendant South Carolina Highway Patrol (hereinafter Patrol) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Patrol, in its motion and supporting memorandum, asserts two grounds for dismissal. First, this court lacks jurisdiction over the subject matter of the action as against the Patrol in that the Eleventh Amendment to the United States Constitution bars this suit. Secondly, the complaint here fails to state a claim against the Patrol upon which relief can be granted in that the State of South Carolina or its *alter ego,* the Patrol, is not a "person" within the meaning of 42 U.S.C. § 1983. Based upon the reasons and authorities to be discussed below, the court is of the opinion that this action as against the defendant Patrol should be dismissed.[1]

■ Defendant Patrol is the law enforcement division of the South Carolina Department of Highways and Public Transportation (hereinafter Department), which is an administrative agency of the government of the State of South Carolina. Sections 23–5–10 (Patrol) and 57–3–10 (Department) of the Code of Laws of South Carolina 1976, as amended. The Patrol, as a division of the Department, functions as an arm of state government and is an *alter ego* of the State of South Carolina. Sections 23–5–10 and 57–3–10, *supra; United States v. State of South Carolina,* 445 F.Supp. 1094, 1100 (D.S. C.1977), *aff'd,* 434 U.S. 1026, 98 S.Ct. 756, 54 L.Ed.2d 775 (1978); *Simmons v. South Carolina State Highway Department,* 195 F.Supp. 516 (D.S.C.1961). If this action as against the Patrol should proceed to trial and the plaintiffs prevail, their recovery would be paid from public funds in the state treasury. Accordingly, this court concludes that the plaintiffs' action herein against the Patrol is in reality a suit against the State of South Carolina.

■ The defendant Patrol contends that it is absolutely immune from suit in this case by reason of the Eleventh Amendment to the United States Constitution which states:

The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

---

1. *See also Wallace Rice, III v. Sheriff William Jolly, Individually and as Sheriff for the County of Union, et al.,* Civil Action No. 82–1796–14 (D.S.C. Sept. 14, 1982).

The Supreme Court has held that, pursuant to the Eleventh Amendment, a state is immune from suits brought in federal courts by its own citizens as well as by citizens of another state or citizens or subjects of any foreign state. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Southern Railway Co. v. South Carolina State Highway Department,* 246 F.Supp. 435 (D.S.C.1965). *See also Cory v. White,* —— U.S. ——, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982). Moreover, it is well settled that the Eleventh Amendment precludes a suit against a state agency, entity or institution that functions as an arm or *alter ego* of the state. *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); *United States v. State of South Carolina,* 445 F.Supp. 1094, 1100 (D.S.C.1977), *aff'd,* 434 U.S. 1026, 98 S.Ct. 756, 54 L.Ed.2d 775 (1978); *Belcher v. South Carolina Department of Corrections,* 460 F.Supp. 805 (D.S.C.1978); *Gourdine v. Ellis,* 435 F.Supp. 882 (D.S.C.1977).

The immunity afforded to the states by the Eleventh Amendment can be overcome if the state waives its constitutional immunity and consents to suit; or, with respect to the Thirteenth, Fourteenth and Fifteenth Amendments to the United States Constitution, Congress abrogates the state's immunity pursuant to its authority to enforce the substantive provisions of those amendments "by appropriate legislation." Amendment XIII, Section 2; Amendment XIV, Section 5; Amendment XV, Section 2. First, the doctrine of sovereign immunity prevails in South Carolina. *Belue v. City of Spartanburg,* 276 S.C. 381, 280 S.E.2d 49 (1981). Clearly, the State of South Carolina has not waived its immunity regarding claims such as the ones brought by plaintiffs here. Secondly, Congress did not exercise its power to abrogate the state's Eleventh Amendment immunity when it enacted 42 U.S.C. §§ 1983 and 1985. *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Sessions v. Rusk State Hospital,* 648 F.2d 1066 (5th Cir.1981); *Gourdine v. Ellis,* 435 F.Supp. 882 (D.S.C.1977). In summary, absent its consent to suit or federal legislation abrogating its Constitutional immunity, neither the State nor its *alter ego,* the Patrol, is subject to suit under 42 U.S.C. § 1983 or 1985.

Additionally, the complaint fails to state a claim upon which relief can be granted because the defendant Patrol is not a "person" within the meaning of 42 U.S.C. § 1983. This court is mindful of the Supreme Court decision in *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), holding that local governmental units are liable as "persons" within the meaning of 42 U.S.C. § 1983. However, the definition of "persons" has not been found to include states, and therefore the defendant Patrol is not amenable to suit here.

In that the court's ruling herein dismisses the First, Second and Third Causes of Action under Sections 1983 and 1985 as against the defendant Patrol, plaintiffs' claim for attorney's fees under 42 U.S.C. § 1988 is also dismissed.

Furthermore, in light of the dismissal of the federal causes of action as against the defendant Patrol, this court is deprived of pendent jurisdiction for proceeding against the defendant Patrol regarding the claims alleged in the Fourth, Fifth, Sixth and Seventh Causes of Action, which claims are brought pursuant to the laws of the State of South Carolina. *Poe v. Sigmon,* 564 F.2d 1093, 1096 (4th Cir.1977).

## MOTION OF DEFENDANTS SALEEBY AND CONNER TO DISMISS

Also before the court is a motion to dismiss filed by defendants Saleeby and Conner pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants Saleeby and Conner, in their motion and supporting memoranda, assert two grounds for dismissal. First, the complaint fails to state a claim against them upon which relief can be granted in that prosecuting authorities are entitled to absolute immunity from suits alleging the type of misconduct complained of by plaintiffs here. Secondly, the complaint fails to state a claim against

them upon which relief can be granted in that 42 U.S.C. § 1985 does not provide a basis for a cause of action alleging the type of misconduct complained of here. Based upon the reasons and authorities discussed below and viewing the complaint in the light most favorable to the plaintiffs and drawing every reasonable inference therefrom, it is the opinion of this court that the arguments of defendants Saleeby and Conner are well taken and the complaint as against them should be dismissed.

The complaint herein purports to state seven causes of action against numerous defendants, among whom are the Solicitor for the Twelfth Judicial Circuit for the State of South Carolina, Dudley Saleeby, and the Assistant Solicitor of said judicial circuit, W. Harry Conner. As against these two defendants, plaintiffs allege that Daniel Cribb's state prosecution was not "brought to trial as expeditiously as possible" and that there was an attempt "to conceal and ignore the intentional, reckless, and unprovoked attack on Plaintiff, Mr. Cribb." Specifically, the pertinent allegations of fact set forth in the complaint are as follows:

17. Despite numerous and instant requests by the Plaintiff, Mr. Cribb, and counsel to the Solicitor's Office of Florence County that his case be brought to trial as expeditiously as possible, Defendant Saleeby and Defendant Conner did not set Plaintiff's trial date until March 5, 1981.

18. After this delay of almost fifteen (15) months, a delay which was neither consented to nor to the benefit of Plaintiff, Plaintiff's case was brought to trial on that date, such administrative and investigative duties of the Florence County Solicitor's Office not being performed in good faith.

The second cause of action in the complaint sets forth the legal basis of plaintiffs' claim against defendants Saleeby and Conner. It states as follows:

24. The intentional and concerted actions of all of the Defendants violated the Plaintiff's, Mr. Cribb's, rights secured under 42 U.S.C. 1985, and the Sixth and Fourteenth Amendments to the Constitution of the United States by their attempt to deprive him of his constitutionally guaranteed right to a speedy trial, and to conceal and ignore the intentional, reckless, and unprovoked attack on Plaintiff, Mr. Cribb, by Defendant Pelham, all to his great harm and damage.

As stated earlier, the defendants Saleeby and Conner have moved the court to dismiss the complaint as against them on the ground that it fails to state a claim upon which relief can be granted because, as prosecuting authorities, they are absolutely immune from suits of this nature. The leading case discussing the scope of prosecutorial immunity is *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). There the Supreme Court held that a state prosecuting attorney acting within the scope of his duties in initiating and pursuing a criminal prosecution and in presenting the state's case is absolutely immune from a civil suit for damages under 42 U.S.C. § 1983 for alleged deprivations of the accused's constitutional rights. 424 U.S. at 431, 96 S.Ct. at 995. The Court reasoned that the prosecutorial function was integral to the judicial process and thus deserving of protection to assure independence of judgment. 424 U.S. at 430, 96 S.Ct. at 994. In conclusion, the Court emphasized that this absolute immunity shields from liability only those acts taken in performance of prosecutorial duties, such as initiating a prosecution and presenting the state's case. The Court stated "[w]e have no occasion to consider whether like or similar reasons require immunity for those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of advocate." 424 U.S. at 430–31, 96 S.Ct. at 994–95. Although the *Imbler* decision was made in the context of a 42 U.S.C. § 1983 claim, the doctrine of absolute prosecutorial immunity has been extended to 42 U.S.C. § 1985 claims as well. *White v. Bloom,* 621 F.2d

**1222**

276 (8th Cir.1980), *cert. denied,* 449 U.S. 995, 101 S.Ct. 533, 66 L.Ed.2d 292 (1980) and *cert. denied,* 449 U.S. 1089, 101 S.Ct. 882, 66 L.Ed.2d 816 (1981); *Universal Amusement Co., Inc. v. Hofheinz,* 616 F.2d 202 (5th Cir.1980); *Halpern v. City of New Haven,* 489 F.Supp. 841 (D.C.Conn.1980); *Raitport v. Provident National Bank,* 451 F.Supp. 522 (E.D.Penn.1978).

▮ Plaintiffs in opposition to this motion to dismiss argue that the alleged misconduct of defendants Saleeby and Conner was "not related to Defendant's proper advocacy function" but was "strictly minsterial (sic) and administrative in nature." Plaintiffs' Memorandum In Opposition To Motion To Dismiss of Defendants Saleeby and Conner at 3. Plaintiffs assert, and this court acknowledges, that case law subsequent to the *Imbler* decision has established that a prosecutor is entitled only to qualified immunity for actions taken in an administrative or investigative capacity. *Briggs v. Goodwin,* 569 F.2d 10 (D.C.Cir. 1977), *cert. denied,* 437 U.S. 904, 98 S.Ct. 3089, 57 L.Ed.2d 1133 (1978); *Lee v. Willins,* 617 F.2d 320 (2d Cir.1980); *Jacobson v. Rose,* 592 F.2d 515, 524 (9th Cir.1978), *cert. denied,* 442 U.S. 930, 99 S.Ct. 2861, 61 L.Ed.2d 298 (1979). In this regard, plaintiffs submit that the complaint here clearly alleges "that defendants Saleeby and Conner acted outside of their proper roles, functions and duties so as to subject them to liability under § 1983 subject to the qualified immunity which Plaintiffs concede." Supplemental Memorandum In Opposition To Motion To Dismiss of Defendants Saleeby and Conner at 11.

▮ In determining whether absolute immunity should attach to the challenged prosecutorial activities here, the court must direct its inquiry to the nature of the official behavior challenged and not the identity or position of the official responsible therefor. In this regard, the Supreme Court in *Imbler,* 424 U.S. at 431 n. 33, 96 S.Ct. at 995 n. 33, stated:

We recognize that the duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom. A prosecuting attorney is required constantly, in the course of his duty as such, to make decisions on a wide variety of sensitive issues. These include questions of whether to present a case to a grand jury, whether to file an information, whether and when to prosecute, whether to dismiss an indictment against particular defendants, which witnesses to call, and what other evidence to present. Preparation, both for the initiation of the criminal process and for a trial, may require the obtaining, reviewing, and evaluating of evidence. At some point, and with respect to some decisions, the prosecutor no doubt functions as an administrator rather than as an officer of the court. Drawing a proper line between these functions may present difficult questions, but this case does not require us to anticipate them.

▮ It is the opinion of the court that plaintiffs here have categorized incorrectly the decision of a prosecutor to docket a case for trial as being administrative in nature. To the contrary, such a decision involves the exercise of discretion, a task clearly within the prosecutor's function as an advocate. Indeed, preparation of the docket and determination of the order in which cases are to be called for trial is specifically made a prosecutorial duty in the State of South Carolina by Section 1–7–330 of the Code of Laws of South Carolina 1976, as amended. This statute provides as follows:

§ 1–7–330. Attendance at circuit courts; preparation and publication of docket.

The solicitors shall attend the courts of general sessions for their respective circuits. Preparation of the dockets for general sessions courts shall be exclusively vested in the circuit solicitor and the solicitor shall determine the order in which cases on the docket are called for trial. *Provided,* however, that no later than seven days prior to the beginning of each term of general sessions court, the solicitor in each circuit shall prepare and publish a docket setting forth the cases to be called for trial during the term.

This statute clearly makes the duty of calling cases for trial one of prosecutorial discretion, and arguments asserting that this responsibility is merely an administrative task cannot be taken seriously.

The foregoing analysis is in accord with those cases extending absolute immunity to prosecutors for actions determined to be within the scope of the prosecutor's official duties. *Martinez v. Chavez,* 574 F.2d 1043 (10th Cir.1978); *Vinson v. Richmond Police Department,* 567 F.2d 263 (4th Cir.1977); *Jennings v. Shuman,* 567 F.2d 1213 (2d Cir. 1977); *Smart v. Jones,* 530 F.2d 64 (5th Cir.1976). The approach taken by the courts in these cases calls for an inquiry as to whether the challenged activity can be characterized as having occurred in the performance of the prosecutor's official functions. Clearly, such is the case here, and absolute immunity should attach.

Moreover, the ruling of this court is in harmony with the decision in the case of *Lee v. Willins,* 617 F.2d 320 (2d Cir.1980). There the Second Circuit approved the analysis used by the federal district court judge in determining whether absolute immunity or "good faith" qualified immunity attached to alleged prosecutorial misconduct involving falsification of evidence and coercion of perjured testimony in the course of criminal prosecutions. In holding that absolute immunity attached, the lower court, for purposes of applying the *Imbler* test, inquired as to the type of harm allegedly suffered by the plaintiff. Under this approach, the prosecution is absolutely immune from suit if the injury sought to be redressed arose from the prosecution itself and not independently of the prosecution. In the instant action, it is apparent that, reading the complaint in the light most favorable to plaintiffs; *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); the alleged injury arises from the prosecution—or delay in prosecution—and involves no investigative or administrative misconduct independent of the prosecution.

In reaching this decision, the court notes that the policy considerations reviewed in *Imbler* as justifying absolute immunity are

served here. 424 U.S. at 424–29, 96 S.Ct. at 992–94. The decision of a prosecutor to docket a case for trial is a prosecutorial function integral to the judicial process and accordingly deserving of protection to assure independence of judgment. The determination as to when the state is ready to proceed in the trial of a given case is one in which the prosecutor must be free to exercise his unfettered discretion. Moreover, this decision is of the type which a prosecutor is required to make for each case his office handles, and one that is often dependent on the case load with which he is confronted. To expose the prosecutor to potential liability when each decision is made as to when to call a given case for trial would be contrary to the rationale of *Imbler* and would serve only to promote vexatious lawsuits which would undoubtedly affect adversely the prosecutor in the discharge of his public duties.

As a second ground for dismissal, the defendants Saleeby and Conner have moved the court to dismiss the complaint as against them on the grounds that it fails to state a claim upon which relief can be granted in that 42 U.S.C. § 1985 does not provide a basis for a cause of action alleging the type of misconduct complained of here. Specifically, these defendants argue that only cases involving racial or religious discrimination have been held to come within the coverage of 42 U.S.C. § 1985. In support of this argument, defendants Saleeby and Conner cite the cases of *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971) and *Ward v. Conner,* 657 F.2d 45 (4th Cir.1981). According to this argument, since neither racial nor religious discrimination is alleged in the complaint, 42 U.S.C. § 1985 does not provide a basis for relief.

In opposition to this motion, plaintiffs correctly argue that neither the *Griffin* case nor the *Ward* case limits the right to recover under 42 U.S.C. § 1985 to members of racial or religious classes. Recognizing that a person must be a member of a protected class in order to recover under 42 U.S.C. § 1985, plaintiffs here contend that Daniel

P. Cribb is "a member of the class of criminal Defendants alleging unprovoked violence on the part of law enforcement officials with the object of such conspiracy being the interference with his right to redress and vindication through the judicial system." Plaintiffs' Memorandum In Opposition to Motion to Dismiss of Defendants Saleeby and Conner at 7–8. Plaintiffs ask this court to create a new class of persons entitled to recover under 42 U.S.C. § 1985.

Before ruling on this second ground for dismissal, the court notes that the complaint here does not distinguish as to whether a claim is being asserted pursuant to section 1985(2) or section 1985(3). However, in their supplemental memorandum, plaintiffs have indicated that they are proceeding under both section 1985(2) and section 1985(3). Supplemental Memorandum In Opposition To Motion To Dismiss Of Defendants Saleeby and Conner at 12.

■ Having clarified this matter, the court will first address plaintiffs' claim brought under section 1985(3). On this motion to dismiss, the complaint is to be viewed in the light most favorable to plaintiffs and every reasonable inference is to be drawn therefrom. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Nevertheless, it is the opinion of the court that defendants Saleeby and Conner should also prevail on this second ground of their motion to dismiss. As noted above, while plaintiffs correctly state that other federal courts have permitted section 1985(3) suits based on classes in addition to racial and religious classifications, *Fantroy v. Greater St. Louis Labor Council*, 478 F.Supp. 355 (E.D.Mo.1979); *Gemini Enterprises, Inc. v. WFMY Television Corp.*, 470 F.Supp. 559 (M.D.N.C.1979); *Scott v. Moore*, 461 F.Supp. 224 (E.D.Tex.1978); *Founding Church of Scientology, Inc. v. Director, Federal Bureau of Investigation*, 459 F.Supp. 748 (D.D.C.1978), the fact remains that neither the Supreme Court nor the Fourth Circuit Court of Appeals has identified any classes other than racial or religious classifi-

cations. In their complaint, plaintiffs have failed to allege any discrimination based on an impermissible classification. The law is well settled that section 1985(3) lends itself only to those situations where the alleged injury is the result of "racial or otherwise class based, invidiously discriminatory animus." *Griffin*, 403 U.S. at 102, 91 S.Ct. at 1798. Plaintiffs have failed to state a claim upon which relief can be granted because it has not been alleged that Daniel P. Cribb is a member of a class of persons which section 1985(3) was intended to protect. This court declines to rule, as plaintiffs urge, that "the class of criminal defendants alleging unprovoked violence on the part of law enforcement officials" is a class afforded protection by 42 U.S.C. § 1985(3).

As to the plaintiffs' claim brought pursuant to 42 U.S.C. § 1985(2), the same reasons given above for dismissal of the section 1985(3) claim require the court to dismiss the section 1985(2) claim as well. In reaching this conclusion, the court first observes that the *Griffin* case, 403 U.S. at 88, 91 S.Ct. at 1791, and the *Ward* case, 657 F.2d at 45, were decided in the context of alleged conspiracies in violation of U.S.C. § 1985(3). However, the same requirement of a class based, invidiously discriminatory animus motivating the conspirators' actions has been extended to conspiracies alleged under section 1985(2). *Bradt v. Smith*, 634 F.2d 796 (5th Cir.1981); *Hahn v. Sargent*, 523 F.2d 461 (1st Cir.1975). Moreover, Judge Blatt in this federal district court specifically approved this extension in the case of *Phillips v. Singletary*, 350 F.Supp. 297 (D.S.C.1972). In that case, the court stated:

> Should the *Griffin* requirements for 1985(3) be extrapolated to 1985(2) suits? Because of the similarity in language of the two sections and because many courts have not distinguished between the sections, this court feels that this question should be answered in the affirmative. 350 F.Supp. at 302.

This court agrees.[2] Accordingly the court finds that, viewing the complaint in the

2. The court is aware of the decision in *Kimble v. D.J. McDuffy, Inc.*, 623 F.2d 1060 (5th Cir. 1980), where the Fifth Circuit Court of Appeals ruled that there is no requirement that com-

light most favorable to plaintiffs and drawing every reasonable inference therefrom, *Conley v. Gibson,* 355 U.S. at 41, 78 S.Ct. at 99, plaintiffs have failed to state a claim actionable under 42 U.S.C. § 1985(2) in that it has not been alleged that Daniel P. Cribb is a member of a class of persons afforded protection by section 1985(2).

In that the court's ruling herein dismisses the Second Cause of Action under 42 U.S.C. § 1985 as against the defendants Saleeby and Conner, plaintiffs' claim for attorney's fees under 42 U.S.C. § 1988 is also dismissed.

Furthermore, in light of the dismissal of the federal cause of action as against the defendants Saleeby and Conner, this court is deprived of pendent jurisdiction for proceeding against defendants Saleeby and Conner regarding the claims alleged in the Sixth and Seventh Causes of Action, which

plainants show class based, invidiously discriminatory animus in order to establish a violation of the provision in 42 U.S.C. § 1985(2) barring conspiracies to injure a party or witness in his person or property on account of his having attended or testified in any court of the United States. For purposes of its discussion, the court there observed that subsection 2 of section 1985 contains four clauses which create four distinct causes of action:

A. If two or more persons conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein . . . or

B. to injure such party or witness in his person or property on account of his having so attended or testified, or

C. if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or

D. to injure him or his property for lawfully enforcing . . . the right of any person, or class of persons, to the equal protection of the laws. 623 F.2d at 1064–1065.

With respect to clauses C and D, it was held that plaintiffs must establish a class based, invidiously discriminatory animus in order to prevail. 623 F.2d at 1065–68. As to clause A, the *Kimble* court ruled that plaintiffs had "failed to offer any evidence indicating that defendants attempted to deter a party or witness from attending or testifying in court" and, therefore, the district court's grant of summary judgment was appropriate. 623 F.2d at 1068. Addressing clause B, the court first stated that

claims were brought pursuant to the laws of the State of South Carolina. *Poe v. Sigmon,* 564 F.2d 1093, 1096 (4th Cir.1977).

## MOTION OF DEFENDANT COUNTY OF FLORENCE TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

The final matter before the court is a motion to dismiss or, in the alternative, for summary judgment filed by defendant County of Florence pursuant to Rule 12(b)(6) and Rule 56 of the Federal Rules of Civil Procedure. The complaint herein seeks to impose liability under 42 U.S.C. §§ 1983 and 1985 on the defendant County of Florence based on alleged prosecutorial misconduct occurring during the prosecution of plaintiff Daniel P. Cribb in state court. Plaintiffs contend that the County

"for purposes of section 1985(2) an individual is deemed to have 'attended' a court of the United States from the moment that the person files a complaint." 623 F.2d at 1068. Further, the court emphasized that, unlike section 1985(3) and clauses C and D of section 1985(2), clause B is "not limited to conspiracies aimed at the deprivation of equal protection or equal privileges and immunities" and accordingly declined to impose the invidiously discriminatory animus requirement. 623 F.2d at 1069.

Assuming this court were to follow the decision in the *Kimble* case, which this court declines to do, plaintiffs nevertheless have failed to state a *prima facie* cause of action under 42 U.S.C. § 1985(2). First, plaintiffs have failed to state a claim under clauses C and D in that the class based, invidiously discriminatory animus requirement has not been met. Secondly, plaintiffs have failed to state a claim under clause A in that no facts have been alleged asserting that defendants conspired to deter a party or witness from attending or testifying in court. Finally, in order to state a claim under clause B, plaintiffs must allege that defendants have conspired to injure them on account of their having filed a complaint in federal court. Although plaintiffs present facts describing a retaliatory conspiracy in their memorandum opposing the motion to dismiss of defendants Saleeby and Conner at page seven, the complaint makes no such allegations. Indeed, the complaint could not have alleged a retaliatory conspiracy cognizable under clause B in that any such conspiracy would have necessarily occurred subsequent to the filing of the complaint in this court.

of Florence is liable because it furnishes funds for the operation of the solicitor's office for the Twelfth Judicial Circuit of the State of South Carolina and has supervisory authority over that office.

■ The court's earlier conclusion that under the facts alleged defendants Saleeby and Conner were acting within the scope of their official prosecutorial duties in pursuing a criminal prosecution and therefore are absolutely immune from suit requires the court now to grant the motion to dismiss of the County of Florence. Counsel for plaintiffs acknowledged at oral argument that if the solicitor and assistant solicitor were found to be shielded from liability by absolute immunity, plaintiffs would have no claim against the County of Florence. Permitting plaintiffs to bring suit against the county based on the alleged prosecutorial misconduct would effectively nullify the immunity afforded to the solicitor and assistant solicitor and run counter to the policy considerations discussed in *Imbler v. Pachtman,* 424 U.S. 409, 424–29, 96 S.Ct. 984, 992–94, 47 L.Ed.2d 128 (1976).

In view of this court's ruling that the defendants Saleeby and Conner, the solicitor and assistant solicitor for the Twelfth Judicial Circuit of South Carolina respectively, are absolutely immune from suit under 42 U.S.C. §§ 1983 and 1985 and in light of the court's dismissal of all claims—both federal and state—brought against defendants Saleeby and Conner, the court is constrained to conclude that plaintiffs have failed to state a claim under 42 U.S.C. §§ 1983 and 1985 against the County of Florence upon which relief can be granted. Rule 12(b)(6) of the Federal Rules of Civil Procedure. Furthermore, plaintiffs' claim for attorney's fees under 42 U.S.C. § 1988 as against the County of Florence must be dismissed by reason of the dismissal of the section 1983 and section 1985 claims. Also, the dismissal of the federal claims deprives this court of jurisdiction over the pendent state law claims brought against the County of Florence. *Poe v. Sigmon,* 564 F.2d 1093, 1096 (4th Cir.1977).

For the foregoing reasons and based on the cited authorities, IT IS, THEREFORE, ORDERED that:

1. The causes of action brought against the defendant Patrol under 42 U.S.C. §§ 1983, 1985 and 1988 and the Sixth and Fourteenth Amendments shall be and the same hereby are dismissed with prejudice; the pendent state law claims brought against the defendant Patrol shall be and the same hereby are dismissed without prejudice.

2. The causes of action brought against defendants Saleeby and Conner under 42 U.S.C. §§ 1985 and 1988 and the Sixth and Fourteenth Amendments shall be and the same hereby are dismissed with prejudice; the pendent state law claims brought against defendants Saleeby and Conner shall be and the same hereby are dismissed without prejudice.

3. The causes of action brought against the defendant County of Florence under 42 U.S.C. §§ 1985 and 1988 and the Sixth and Fourteenth Amendments shall be and the same hereby are dismissed with prejudice; the pendent state law claims brought against defendant County of Florence shall be and the same hereby are dismissed without prejudice.