540 So.2d 467 (1989)
Johnnie DICKERSON
v.
Duncan S. KEMP, III, District Attorney, J. Edward Laryission, Sheriff, Charles Genco, Asst. District Attorney, Willie Johnson, Chief Criminal Deputy, Norman Davidison, Criminal Deputy, Larry Westmoreland, Criminal Deputy, Mike Sticker, Criminal Deputy, Judge Gordon E. Causey, All Officials of Tangipahoa Parish Amite, Louisiana ... et al.
No. 87 CA 1838.
Court of Appeal of Louisiana, First Circuit.
February 28, 1989.
Johnnie Dickerson, Angola, in pro. per.
Ralph R. Alexis, III, New Orleans, for defendants-appellees Duncan Kemp, III and Charles Genco.
Bruce S. Kingsdorf, New Orleans, for defendant, J. Edward Layrisson, et al., appellees.
Richard Schwartz, Amite, for Judge Gordon E. Causey, appellee.
Before WATKINS, CRAIN and ALFORD, JJ.
WATKINS, Judge.
Johnnie Dickerson, plaintiff, brought civil suit for damages against Duncan S. Kemp, III, District Attorney, Charles Genco, Assistant District Attorney, J. Edward Laryission [sic], Sheriff, Willie Johnson, *468 Chief Criminal Deputy, Norman Davidison [sic], Criminal Deputy, Larry Westmoreland, Criminal Deputy, Mike Sticker, Criminal Deputy and Gordon E. Causey, Judge, alleging that the defendants, acting under color of state law, did maliciously deprive the plaintiff of his right to a speedy trial as guaranteed by the sixth amendment to the United States Constitution and of his right to be free from the imposition of cruel and unusual punishment as guaranteed by the eighth amendment to the United States Constitution. Each defendant was sued individually and in his official capacity as an employee of Tangipahoa Parish, Louisiana. All defendants filed exceptions of No Cause of Action. After a hearing on the exceptions, the trial court maintained the exceptions of no cause of action as to all defendants. Plaintiff appeals alleging trial court error in maintaining the exceptions of no cause of action; in refusing to permit the plaintiff to call witnesses at the hearing on the exceptions and refusing to continue the case when the attorney representing the sheriff's department did not appear at the hearing. The plaintiff also requested, in brief, that all actions against Judge Gordon E. Causey be dismissed. Accordingly, we consider the trial court's dismissal of Judge Gordon E. Causey to be final, and we affirm the trial court judgment as to the remaining defendants.

FACTS
In this suit the plaintiff alleges that the defendants acted maliciously in their criminal prosecution of him for the murder and aggravated kidnapping of Walter Talley, Jr. Specifically, the plaintiff complains of the prosecutorial actions which occurred before his indictment. The plaintiff contends that the unusually long delay from the time he became a suspect until he was indicted and tried deprived him of his right to a speedy trial and subjected him to cruel and unusual punishment. The following chronology, cited in plaintiff's criminal appeal, will help put the plaintiff's claims in perspective.
04/25/81 Talley's murder
09/2/82 Defendant is sentenced to 3½ years in federal confinement for a firearms violation (his sentence was later increased to 4½ years because of an attempted escape)
02/03/83 Arrest warrants issued by TPSO against defendant, charging him with first degree murder and aggravated kidnapping

. . . . .
02/15/83 Detainers received by federal authorities at the Memphis Correctional Institute where defendant was housed at the time
03/20/83 Defendant files the first of many motions for speedy trial with the 22nd Judicial District Court
09/18/86 Defendant completes his federal time and is held for TPSO
09/26/86 Defendant is returned to Louisiana and arrested for murder, kidnapping, and robbery
11/13/86 Defendant is indicted for first degree murder, aggravated kidnapping, and armed robbery
11/24/86 Defendant is arraigned for said offenses
04/27/87 State amends indictment to charge defendant with second degree murder, aggravated kidnapping, and armed robbery
06/01/87 Defendant's trial begins on said offenses
State v. Dickerson, 529 So.2d 434, 437 (La. App. 1st Cir.1988). The plaintiff was ultimately found guilty of second degree murder, aggravated kidnapping and armed robbery. The plaintiff appealed his conviction. Plaintiff's conviction was affirmed in State v. Dickerson, supra, wherein this court specifically denied his claims regarding violations of his right to a speedy trial.

EXCEPTION OF NO CAUSE OF ACTION
The peremptory exception of no cause of action tests the legal sufficiency of the petition. In reviewing a judgment on an exception of no cause of action, an appellate court must accept all well pleaded allegations of the plaintiff as true. Haskins v. Clary, 346 So.2d 193 (La.1977). Every reasonable interpretation must be accorded its *469 language in favor of maintaining the sufficiency of the petition and affording the litigant an opportunity to present his evidence. Id. However, no evidence is admissible at any time to support or controvert the objection that the petition fails to state a cause of action. LSA-C.C.P. art. 931. In the instant case, the plaintiff contends that his petition alleges a federal cause of action under Title 42 U.S.C. § 1983 and a state cause of action for malicious prosecution.

TITLE 42 U.S.C. § 1983
A civil remedy for violation of a person's constitutional rights is provided for under 42 U.S.C. § 1983, as follows:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
"Absent congressional intent to vest exclusive jurisdiction of federal claims in federal courts, state courts have concurrent jurisdiction to enforce rights under federal statutes. Since jurisdiction over suits brought under § 1983 has not been restricted to federal courts, an action thereunder may also be maintained in a state court." Ricard v. State, 390 So.2d 882, 883-884 (La.1980). 28 U.S.C. § 1343.
LSA-C.C.P. art. 931 prohibits the introduction of evidence to support or controvert the objection that the petition fails to state a cause of action. However, the court may consider affirmative defenses which are disclosed by the petition itself. Haskins, supra; Goldstein v. Serio, 496 So.2d 412 (La.App. 4th Cir.1986), writ denied, 501 So.2d 208-209 (La.1987).[1] The defendants' exceptions ask the court to dismiss the petition on the grounds that it fails to state a cause of action because, as prosecuting authorities or agents thereof, they are absolutely immune from suits of this nature.

PROSECUTORS
The doctrine of absolute prosecutorial immunity, as set forth by the United States Supreme Court in Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), provides that a state prosecutor who acts within the scope of his duties in initiating and pursuing a criminal prosecution and in presenting the state's case is absolutely immune from a civil suit for damages for alleged deprivations of the defendant's constitutional rights under 42 U.S.C. § 1983. The court also emphasized that this absolute immunity shields from liability only those acts taken in performance of prosecutorial duties, such as initiating a prosecution and presenting the state's case. The court stated that "[w]e have no occasion to consider whether like or similar reasons require immunity for those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of advocate." Imbler, supra, 96 S.Ct. at 995. We note that subsequent jurisprudence has acknowledged that when a prosecutor acts in an administrative or investigative capacity, he is entitled only to qualified immunity. Cribb v. Pelham, 552 F.Supp. 1217 (D.S.C.1982), aff'd 782 F.2d 1034 (1985), and cases cited therein.
The plaintiff's petition, although inartfully drawn, alleges that "[t]he prosecutor's immunity ceases when he acts in a capacity other than his (quasi-judicial Role)." We assume that the plaintiff is alleging that the pre-indictment actions taken by the defendants were outside the scope of their prosecutorial duties. We disagree.
In determining whether absolute immunity should attach to prosecutorial activities, the court must direct its inquiry to the *470 nature of the official behavior challenged and not the identity or position of the official responsible therefor. Cribb, supra. In this regard, the Supreme Court in Imbler, 424 U.S. at 431 n. 33, 96 S.Ct. at 995 n. 33, stated:
We recognize that the duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom. A prosecuting attorney is required constantly, in the course of his duty as such, to make decisions on a wide variety of sensitive issues. These include questions of whether to present a case to the grand jury, whether to file an information, whether and when to prosecute, whether to dismiss an indictment against particular defendants, which witnesses to call, and what other evidence to present. Preparation, both for the initiation of the criminal process and for a trial, may require the obtaining, reviewing, and evaluating of evidence. At some point, and with respect to some decisions, the prosecutor no doubt functions as an administrator rather than as an officer of the court. Drawing a proper line between these functions may present difficult questions, but this case does not require us to anticipate them. (Emphasis added.)
Accepting all allegations of the plaintiff as true, we are convinced that the alleged actions taken by the defendants, and upon which the petition is based, fall within the purview of the doctrine of absolute prosecutorial immunity.
Article 61 of the Louisiana Code of Criminal Procedure provides:
Subject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute.
In addition, LSA-C.Cr.P. art. 691 empowers the district attorney to dismiss a prosecution at his discretion.
The cited laws clearly give the district attorney broad discretionary powers in instituting and handling criminal prosecutions. Although these laws do not define or expand the limits of a prosecutor's immunity under Title 42 U.S.C. § 1983, they provide a helpful guideline. We find that the decision to issue a detainer on an out-of-state prisoner pending the indictment of the prisoner for crimes committed in the state of Louisiana and the decision not to extradite the prisoner are activities which are typically characterized as official functions of the prosecutor and are clearly not those types of activities traditionally considered administrative or investigative. We consider these activities intimately associated with the judicial phase of the criminal process, and thus they fall within the category of functions to which the reasons for absolute immunity apply with full force.

SHERIFF AND DEPUTIES
The plaintiff's allegations regarding the activities of the sheriff and his deputies, in connection with depriving him of a speedy trial and his right to be free from cruel and unusual punishment, consist of the following:
6. Defendant J. Edward Layrisson, is the Sheriff of Tangipahoa Parish Louisiana. He is legally responsible for the overall operation of Tangipahoa Parish and each institution under its jurisdiction.
7. Defendant Willie Johnson, the Chief Criminal Deputy of Tangipahoa Parish Louisiana. He is legally responsible for his duties as an official of Tangipahoa Parish.
8. Defendant[s] Larry Westmoreland,... Deputy [Norman Davidson, Deputy, and Mike Sticker], Deputy of Tangipahoa Parish Louisiana. [They are] legally responsible for [their] duties as ... official[s] of Tangipahoa Parish.
. . . .

IV FACTS
12.) On Feb. 3, 1983, a warrant was lodged against plaintiff from the 21st Judicial District Court of Tangipahoa Parish. The said warrants [sic] was accompaned *471 [sic] by a letter from Deputy Larry Westmoreland of the Tangipahoa Parish Sheriff's Department with warrants Nos: B-170-83 and B-171-83.
. . . .
23. On Sept. 23, 1983 a letter written by Deputy Larry Westmoreland of the Sheriff's Dept: was directed to Ms. Flora Magee, requesting that the warrants and detainer be maintained against Plaintiff and when they could assume custody of Plaintiff.
25.) Defendant's, Kemp, Genco, Causey, Johnson, Layrission, Davidison, and Sticker, and Westmoreland, did through their "fault, negligence, carelessness, and total disregard", denied Plaintiff a speedy trial on the charges and detainer filed and pending against plaintiff and each defendant named above acted with malice in this action for 4½ years.
These allegations allege fault of the sheriff and/or deputies based upon their positions of authority and responsibility as officials of Tangipahoa Parish, Louisiana. The only alleged activities performed by the sheriff and/or deputies regarding the plaintiff's prosecution were the execution of a court-ordered warrant and detainer and the associated correspondence with the authorities then holding plaintiff. The plaintiff does not allege that the sheriff and/or deputies executed the warrant or detainer in such a fashion as to deny him his constitutional rights. Therefore, any other theory of fault would have to be based upon an omission by the sheriff and/or deputies in connection with the plaintiff's prosecution.
It is axiomatic that a sheriff and his deputies have no authority to issue or recall warrants and detainers without a court order. Furthermore, they are equally without authority to initiate prosecutions or extradition proceedings.
We find that the plaintiff's petition alleges no independent acts on the part of the sheriff and/or deputies which deprived him of his constitutional rights. The execution of a valid warrant, a purely ministerial function, absent any other negligence in connection therewith, does not in itself state a cause of action against a sheriff or deputy under Title 42 U.S.C.A. § 1983. We further note that plaintiff fails to state a cause of action for false imprisonment as his petition does not allege that the warrant which the defendants' executed was null and void on its face, lacking the statutorily prescribed form and content required by LSA-C.Cr.P. art. 203. See Touchton v. Kroger Co., 512 So.2d 520 (La.App. 3d Cir.1987).
We also find that the sheriff and/or deputies are not at fault for any omission in their official capacity which may have contributed in any way to the alleged deprivation of the plaintiff's constitutional rights. Accordingly, we find that the plaintiff's petition alleges no cause of action against the sheriff and/or deputies in connection with the alleged denial of the plaintiff's constitutional rights.
Because the plaintiff has failed to state a cause of action against the sheriff and/or deputies, there is no need to discuss any immunity that the sheriff and/or his deputies may have in connection with this matter.

MALICIOUS PROSECUTION
A civil cause of action for malicious prosecution is recognized by our jurisprudence and is based on fault under LSA-C.C. art. 2315; Jones v. Soileau, 448 So.2d 1268 (La.1984). The necessary elements to state a cause of action for malicious prosecution are:
(1) the commencement or continuance of an original criminal or civil judicial proceeding;
(2) its legal causation by the present defendant in the original proceeding;
(3) its bona fide termination in favor of the present plaintiff;
(4) the absence of probable cause for such proceeding;
(5) the presence of malice therein; and
(6) damage conforming to legal standards resulting to plaintiff.
Jones v. Soileau, 448 So.2d at 1271.
The plaintiff's petition fails to allege that any criminal proceeding terminated in his favor. Therefore, we must find that he *472 has failed to state a cause of action for malicious prosecution under Louisiana law. See Dubois v. State Through Department of Public Safety, 466 So.2d 1381 (La.App. 3d Cir.1985).
Plaintiff also contends that the trial court erred in refusing to permit the plaintiff to introduce evidence at the hearing on the exception of no cause of action. As set forth above, LSA-C.C.P. art. 931 explicitly prohibits the introduction of evidence to support or controvert the objection that the petition fails to state a cause of action.
This assignment of error has no merit.
Equally without merit is the plaintiff's final contention alleging trial court error in refusing to continue the case when the attorneys for the sheriff's department did not appear at the hearing on the exception. The record reveals that at the hearing on the exception, no party motioned the trial court for a continuance as provided by LSA-C.C.P. art. 1603.[2] Therefore, this issue is not properly before this court.
For the reasons set forth, we affirm the trial court's decision granting the exceptions of no cause of action as to all defendants. Costs of this appeal are assessed against plaintiff.
AFFIRMED.
NOTES
[1] Compare Gianfala v. Allemand, 444 So.2d 150 (La.App. 1st Cir.1983), wherein the court held that the defense of immunity based on an allegation of a qualified privilege cannot be raised by the peremptory exception of no cause of action because in order to establish a qualified privilege to a defamatory action the defendant must introduce evidence of good faith.
[2] LSA-C.C.P. art. 1603 reads as follows:

A motion for a continuance shall set forth the grounds upon which it is based, and if in writing shall comply with the provisions of Article 863.