Lonnie **PEEK**, Donald **Bagley**, Reverend George **Colman** and North Woodward Inter-Faith Corporation, Plaintiffs-Appellants,

v.

John N. **MITCHELL**, United States Attorney General, Robert **Grace**, United States Attorney, William **Cahalan**, Prosecuting Attorney, Wayne County, Jerome P. **Cavanagh**, Mayor, City of Detroit, and Johannes **Spreen**, Commissioner of Police, City of Detroit, Defendants-Appellees.

No. 19320.

United States Court of Appeals
Sixth Circuit.

Jan. 6, 1970.

Sheldon Otis, Detroit, Mich., for appellants, Otis & Rosenthal, Philo, Maki, Moore, Pitts, Ravitz, Glotta, Cockrel & Robb, Detroit, Mich., on brief.

Robert J. Grace, Detroit, Mich., for John N. Mitchell and Robert Grace.

David R. Kaplan, Detroit, Mich., for William Cahalan, Aloysius J. Suchy and David R. Kaplan, Asst. Pros. Attys., Detroit, Mich., on brief.

William P. Doran, Detroit, Mich., for Jerome P. Cavanagh and Johannes Spreen, Robert Reese, Corp. Counsel, William P. Doran and John E. Cross, Asst. Corps. Counsel, Detroit, Mich., on brief.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and BROOKS *, District Judge.

PECK, Circuit Judge.

Plaintiffs brought suit against the named federal, county and city officials seeking injunctive relief in the nature of mandamus under the Civil Rights Act.[1] The District Court issued show cause orders and each of the defendants filed motions to vacate the order and to dismiss the complaint. At the close of the oral arguments, the District Court vacated the show cause orders and dismissed the complaint. Plaintiffs appeal from this dismissal.

Plaintiffs contend that the defendants have failed to prosecute the persons known by the defendants to have violated the civil rights of black persons and specifically have failed to prosecute the two Detroit policemen who committed civil rights violations during the Poor People's Campaign on May 13, 1968; that the defendants have condoned and encouraged this unlawful activity by

---

* Honorable Henry L. Brooks, Chief Judge, United States District Court for the Western District of Kentucky, sitting by designation.

1. 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988.

failing to prosecute or to take other appropriate disciplinary measures; and that the defendants have failed to create proper investigatory practices in handling civil rights complaints within their respective offices. Plaintiffs further listed thirteen items of relief, of which a few are set out below, against the Mayor and Commissioner of Police of Detroit. They sought to compel these public officials to force the city's policemen to discontinue all acts of violence and discrimination against the black people; to discipline or discharge all racially biased and prejudiced policemen; to establish fitness tests and standards to screen applicants for employment as policemen; and to initiate a program of human relations and sensitivity training for all city policemen.

The District Court based the dismissal upon its findings that the complaint failed to set forth a cause of action since the plaintiffs were mere volunteers in this action with no justiciable interest in the subject matter and thus had no standing to sue, and further that relief was not available in this case to control the discretionary and investigatory functions of the respective defendants. The Court also found that under the fundamental concepts of separation of powers, the federal district courts could not "act as a receiver or trustee of the Detroit Police Department" nor "set the standards and qualifications for local police officers."

In considering the merits of this complaint, we must determine whether the plaintiffs' allegations in fact state a cause of action upon which relief may be granted under the Civil Rights Act.

■ The plaintiffs sought to compel by mandamus the Attorney General and the United States Attorney for the Eastern District of Michigan to prosecute known civil rights violators; to alter the present scope and method of their investigations; and to conduct particular investigations. These defendants contend that this alleged activity cannot be compelled by mandamus since the investigation and institution of criminal prosecution falls within their discretion. We agree with the defendants' contention and find that the judicial control sought by the plaintiffs regarding these two defendants is beyond the power of this Court.

The Court in Powell v. Katzenbach, 123 U.S.App.D.C. 250, 359 F.2d 234, 235 (1965), cert. denied, 384 U.S. 906, 86 S.Ct. 1341, 16 L.Ed.2d 359 (1966), where an action in mandamus was sought against the Attorney General, stated that:

"It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General. Mandamus will not lie to control the exercise of this discretion. E. g., Confiscation Cases, 74 U.S. (7 Wall.) 454, 19 L.Ed. 196 (1868); Moses v. Katzenbach, 119 U.S.App.D.C. 352, 342 F.2d 931 (1965), affirming sub nom. Moses v. Kennedy, 219 F.Supp. 762 (D.D.C.1963); Goldberg v. Hoffman, 225 F.2d 463 (7th Cir. 1955); Pugach v. Klein, 193 F.Supp. 630 (S.D.N.Y.1961); United States v. Brokaw, 60 F.Supp. 100 (S.D.Ill.1945)."

The same consideration applies equally as well to the United States Attorney. The Fifth Circuit in United States v. Cox, 342 F.2d 167, 171 (5th Cir.), cert. denied, Cox v. Hauberg, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965), stated that:

"[T]he attorney for the United States is an * * * executive official of the Government, and it is as an officer of the executive department that he exercises a discretion as to whether or not there shall be a prosecution in a particular case. It follows, as an incident of the constitutional separation of powers, that the courts are not to interfere with the free exercise of the discretionary powers of the attorneys of the United States in their control over criminal prosecutions."

See also Newman v. United States, 127 U.S.App.D.C. 263, 382 F.2d 479, 481

(1967); Moses v. Katzenbach, 119 U.S. App.D.C. 352, 342 F.2d 931 (1965) (concurring opinion).

It is therefore clear that the plaintiffs have not stated a cause of action under the Civil Rights Act against the Attorney General and the United States Attorney and that the District Court properly dismissed the complaint against them.

■ We come next to the defendants at the county and municipal levels, namely, the Prosecuting Attorney for Wayne County, Michigan, and the Mayor and Commissioner of Police of the City of Detroit. These officials raise, as one of their defenses, the claim that as quasi-judicial and executive officials they are immune from suit while acting in their official capacities since they are granted a wide latitude of discretion in the discharge of their duties. The law is quite clear that prosecuting officials are not liable under the Civil Rights Act for damages in connection with official prosecutions, (Bauers v. Heisel, 361 F.2d 581, 586 n. 7 (3d Cir. 1966), cert. denied, 386 U.S. 1021, 87 S.Ct. 1367, 18 L.Ed.2d 457 (1967); Puett v. City of Detroit, 323 F.2d 591 (6th Cir. 1963), cert. denied, 376 U.S. 957, 84 S.Ct. 978, 11 L.Ed. 2d 975 (1964)) and that the executive and other public officials enjoy a qualified privilege in a suit for damages under the Civil Rights Act. Nelson v. Knox, 256 F.2d 312 (6th Cir. 1958); Cobb v. City of Malden, 202 F.2d 701 (1st Cir. 1953). Here the plaintiffs seek only injunctive relief against these county and city officials for a claimed "systematic pattern" of conduct under the color of state law that deprives them of their rights, privileges or immunities under the Constitution of the United States.

■ Plaintiffs contend that there is no immunity against injunctive type suits for these three defendants. See United States v. Clark, 249 F.Supp. 720, 727 (S.D.Ala.1965). We agree with the plaintiffs that injunction and mandamus are traditionally used for enjoining or challenging public officials' conduct, (United States v. White County Bridge Comm., 275 F.2d 529, 534 (7th Cir.), cert. denied, Clippinger v. United States, 364 U.S. 818, 81 S.Ct. 50, 5 L.Ed.2d 48 (1960)) and that they are proper remedies under the Civil Rights Act when the alleged unconstitutional deprivation of rights is established. See, e. g., Schnell v. City of Chicago, 407 F.2d 1084 (7th Cir. 1969); Lankford v. Gelston, 364 F.2d 197 (4th Cir. 1966); N.A.A.C.P. v. Thompson, 357 F.2d 831 (5th Cir. 1966). It is likewise apparent that the federal courts must achieve a balance between the protection of individual rights and the freedom of public officials to exercise their necessary expertise in performing their duties. This is an era of increased litigation involving alleged civil rights violations, and the courts must shield the responsible public officials against any abusive use of the civil rights legislation.

The Prosecuting Attorney for Wayne County, Michigan, claims that he has a wide latitude of discretion in instituting court proceedings and in conducting investigations under state law, (People v. Birmingham, 13 Mich.App. 402, 410, 164 N.W.2d 561 (1968)) and that in conducting these duties, no court should attempt to substitute its judgment or discretion for his. This defendant also states that the plaintiffs failed to contact his office concerning alleged civil rights violations and further that his office was awaiting the outcome of investigation of the May 13, 1968, disturbance before deciding whether to issue warrants.

■ We find that based on this record, the Prosecuting Attorney is immune from the type of relief sought here. See Clark v. State of Washington, 366 F.2d 678, 681 (9th Cir. 1966). Defendant's statutorily imposed obligations, which include investigation, were performed in the good-faith exercise of his discretion as prosecuting attorney and within the scope of his authority. We find no arbitrary or discriminatory action which would prompt substitution of our judg-

ment for his. We accordingly hold that defendant's inaction did not deprive the plaintiffs of any rights, privileges or immunities guaranteed by the Constitution of the United States and therefore, that plaintiffs' complaint fails to state a claim upon which relief could be granted under the Civil Rights Act. We thus conclude that it was properly dismissed.

The Mayor and Commissioner of Police of Detroit contend that the federal courts should not supervise or review their "exercise of discretion in the area of police recruitment, screening of applicants, training and discipline as well as the method of police investigations," since this would be a patent violation of the historic doctrine of separation of powers. The District Court denied the relief requested against these defendants on the basis of separation of powers since the granting of such relief would cause the federal district courts to become an "administrative arm of local government."

We agree with the District Court's conclusion that the federal courts should not supervise the maintenance and operation of the Detroit Police Department. On this basis, that part of the plaintiffs' complaint fails to state a cause of action. This is not to say that under a sufficient complaint alleging specific deprivations of rights by such public officials that a cause of action could not be stated, since "equitable relief is appropriate in a situation where governmental officials have notice of the unconstitutional conduct of their subordinates and fail to prevent a recurrence of such misconduct." Schnell v. City of Chicago, 407 F.2d 1084, 1086 (7th Cir. 1969). The District Court has broad power to grant or deny equitable relief under the Civil Rights Act. See Knowles v. Board of Public Instruction of Leon County, Florida, 405 F.2d 1206, 1207 (5th Cir. 1969). In the present case, however, the allegations of the plaintiffs are mere conclusions (except for the incident of May 13, 1968), unsupported by any allegation of fact. The extraordinary remedies of injunction and man-

damus should only be granted when the circumstances clearly justify such relief, and this is not such a case. Based on the record before us, we find that the plaintiffs have failed to state a cause of action against these defendants.

For the reasons expressed, we are of the view that the District Court properly dismissed the complaint. We therefore find it unnecessary here to consider other questions presented on this appeal.

The judgment of the District Court is affirmed.