**Jasper Leroy FLEETWOOD, Plaintiff,**

**v.**

**James R. THOMPSON, Individually and as United States Attorney for the Northern District of Illinois, and as representative of all other United States Attorneys, et al., Defendants.**

**No. 72 C 751.**

United States District Court,
N. D. Illinois, E. D.

Oct. 13, 1972.

Jasper Leroy Fleetwood, Walla Walla, Wash., for plaintiff.

Michael Berman, Assistant U. S. Atty., for defendants.

## MEMORANDUM OPINION AND ORDER

McGARR, District Judge.

This is an action for the alleged deprivation of plaintiff's civil rights. The plaintiff, Jasper Leroy Fleetwood, is currently serving a term in the Washington State Penitentiary as a result of his conviction for Second Degree Assault and Robbery. He unsuccessfully appealed his conviction to the Supreme Court of the State of Washington. (State v. Fleetwood, 75 Wash.2d 80, 448 P.2d 502

(1968)). He has brought this action seeking damages from Thalma Driggs, a witness, and Edward Brown, the prosecuting attorney in the original criminal case. In addition, plaintiff alleges that Stanley S. Pitkin, the United States Attorney for the Western District of Washington, and James R. Thompson, the United States Attorney for the Northern District of Illinois, have joined defendants Driggs and Brown in a conspiracy to deprive the plaintiff of his civil rights by their failure to prosecute witness Driggs and prosecutor Brown for alleged perjury.

At this point in the proceeding, the defendants have presented a motion to dismiss on the grounds that this Court lacks jurisdiction over the subject matter of the plaintiff's complaint, and that plaintiff fails to state a claim upon which relief can be granted.

In order to have jurisdiction over the subject matter of this complaint, this Court must be convinced that a substantial federal question is presented for its consideration. We find no federal question presented. Plaintiff's many vague allegations all arise out of the United States Attorney's alleged responsibility to investigate and prosecute what plaintiff construes as criminal conduct. The decision whether or not to prosecute is a matter wholly within the discretionary powers of the United States Attorney. This problem was specifically considered by the Fifth Circuit Court of Appeals in the case of United States v. Cox, 342 F.2d 167, 168 (5th Cir., 1965), in which the Court said, in part:

"Although as [a] member of the bar, Attorney for [the] United States is [an] officer of the court, he is nevertheless an executive official of government and as such he exercises discretion as to whether there shall be prosecution in [a] particular case.

"Courts are not to interfere with the exercise of discretionary powers of Attorneys of United States and their control over criminal prosecutions."

The plaintiff's complaint fails to state a claim upon which relief can be granted in that none of the United States Attorneys can be compelled to investigate or prosecute alleged criminal activity. Peek v. Mitchell, 419 F.2d 575 (6th Cir., 1970); Powell v. Katzenbach, 123 U.S.App.D.C. 250, 359 F.2d 234 (1965) cert. denied, 384 U.S. 906, 86 S. Ct. 1341, 16 L.Ed.2d 359, rehearing denied, 384 U.S. 967, 86 S.Ct. 1584, 16 L. Ed.2d 679. Furthermore, such officials are immune from suit resulting from the exercise of their discretion. Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1958); Gregoire v. Biddle, 177 F.2d 579 (2d Cir., 1949), cert. denied, 339 U.S. 949, 70 S.Ct. 803, 94 L. Ed. 1363.

Thus, the United States Attorneys Stanley Pitkin and James Thompson cannot be sued for conspiracy to do what they already have an absolute privilege to do.

"Although conspiracy is essential element offense of conspiracy to interfere with civil rights, the doctrine of immunity of judges and quasi-judicial officers, including prosecuting attorneys, from suit under this section for conduct in performance of their official duties applies." Agnew v. Moody, 330 F.2d 868 (9th Cir., 1964) cert. denied, 379 U.S. 867, 85 S.Ct. 137, 13 L.Ed.2d 70.

In addition, plaintiff's attempt to include United States Attorney Thompson as a representative of the class of all United States Attorneys, is without merits. In order to bring a class action in accordance with Rule 23 of Federal Rules of Civil Procedure, there must exist questions of law or fact common to all members of the class. There being no common issues of this type presented here, a class action is not appropriate.

Based on the aforementioned reasons, the plaintiff's complaint is frivolous and unsupported by law or fact, and defendants' motion to dismiss is therefore granted.