William E. HOURIGAN, Plaintiff,

v.

James Earl CARTER et al., Defendants.

No. 79 C 2358.

United States District Court, N. D. Illinois, E. D.

Sept. 26, 1979.

William E. Hourigan, pro se.

Thomas P. Walsh, Asst. U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

DECKER, District Judge.

William E. Hourigan has brought this action against the President of the United States, the Secretary of Energy, and the Attorney General to compel them to initiate prosecutions against oil distributors and suppliers, who are allegedly in violation of laws and regulations regarding the pricing of crude oil and oil products. Defendants have moved to dismiss on the ground that mandamus will not lie to compel the exercise of prosecutorial discretion.

Plaintiff recognizes the substantial weight of authority to the effect that mandamus is only appropriate to compel the enforcement of nondiscretionary, ministerial duties, but asks the court to ignore such precedent and follow what is characterized as a "newer, more progressive, view of mandamus" that has recently been emerging in the federal courts. In only two of the cases cited by plaintiff was the possibility of mandamus to compel criminal prosecution contemplated. Mandamus was not issued in either one. The D.C. Circuit in *Nader v. Saxbe*, 162 U.S.App.D.C. 89, 92, 497 F.2d 676, 679 (D.D.Cir.1974), stated in dicta that where it was alleged that there existed a policy in the prosecutor's office of bringing absolutely no prosecutions under a certain statute, that policy might be reviewed:

> "The instant complaint does not ask the court to assume the essentially Executive function of deciding whether a particular alleged violator should be prosecuted. Rather, the complaint seeks a conventionally judicial determination of whether certain fixed policies allegedly followed by the Justice Department and the United States Attorney's office lie outside the constitutional and statutory limits of 'prosecutorial discretion.'"

Plaintiff has not alleged that there is a systematic policy not to enforce Federal regulations regarding oil pricing, but only that particular prosecutions were not undertaken even though the government possessed sufficient information to go forward. In *National Association for the Advancement of Colored People v. Levi*, 418 F.Supp. 1109 (D.D.C.1976), the court held that a claim was stated for the government's arbitrary and racially discriminatory failure to undertake an adequate investigation and prosecution. Such an allegation is not made in the present case. The prosecutor's possession of strong evidence does not in and of itself impose a duty to prosecute that can be enforced by mandamus.

It is not blind obedience to precedent that leads this court to follow the rule that mandamus will lie only to compel ministerial acts, although the precedent is clear enough. *See, e. g., Inmates v. Rockefeller*, 477 F.2d 375 (2d Cir. 1973); *Peek v. Mitchell*, 419 F.2d 575 (6th Cir. 1970); *Powell v. Katzenbach*, 123 U.S.App.D.C. 250, 359 F.2d 234 (D.D.Cir.1965), *cert. denied*, 384 U.S. 906, 86 S.Ct. 1341, 16 L.Ed.2d 359 (1966); *Fleetwood v. Thompson*, 358 F.Supp. 310 (N.D.Ill.1972). Rather, it is adherence to fundamental concepts of due process and separation of powers that compel the courts to refrain from deciding what cases should be brought before them. It may be questioned whether it would be a "more progressive" rule for the courts to be able to force prosecutions to be brought when they believed the evidence in the prosecutor's hands was strong enough to justify them.

Defendants' motion to dismiss is granted, and the cause is ordered dismissed.