Larry WELLMAN, Plaintiff,

v.

STATE OF WEST VIRGINIA, by its Governor ROCKEFELLER; John O'Rourke, Superintendent of State Police; R.H. Miller, Captain Inspector; Sgt. Martin; John H. Zirkle, Trooper; K.G. Burner, Trooper: John Bronson, Judge; Elliott E. Maynard, Former Prosecuting Attorney, Mingo County; John T. Poore, Assistant Prosecuting Attorney, Mingo County; Ethel Pollis, Mingo County Magistrate; John Hambrick, Mingo County Magistrate; Joey Kairhi, Mingo County Magistrate; Bobby Jack Lawson, Mingo County Jailer; City of Williamson, by its Chief of Police, W.C. "Jolly" Smith and Unnamed Officers and its Mayor and City Councilmen; West Virginia Department of Welfare, by its Employees, Savolia A. Joyce, Leo T. Downey, Jr. and Alemeda V. Epling, All of Williamson Area Office, Williamson, WV; United States of America by its United States Attorney, David A. Faber; Former United States Attorney Robert King; Deputy United States Attorney Name Unknown; Federal Bureau of Investigation and Agent Kevin Harvey; Deputy United States Attorney Barbara Betts, defendants.

Civ. A. No. 83–3064.

United States District Court,
S.D. West Virginia,
Huntington Division.

June 13, 1986.

F.Supp. 270, 278–79 (S.D.N.Y.1984).

Larry Wellman, pro se.

Chauncey H. Browning, Atty. Gen., David P. Cleek, Dana D. Davis, Deputy Attys. Gen., Charleston, W.Va., for State defendants.

Stephen A. Weber and Harry F. Bell, Jr., Kay, Casto & Chaney, Charleston, W.Va., for City of Williamson, etc.

John E. Jenkins, Jr., Jenkins, Fenstermaker, Krieger, Kayes & Farrell, Huntington, W.Va., for Elliott E. Maynard, John T. Poore & Thomas Ward.

Gary E. Pullin, Asst. U.S. Atty., Huntington, W.Va., for David A. Faber, Barbara Betts and Kevin Harvey.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are several motions to dismiss filed by the Defendants in this action. Wellman's complaint alleges that he collected evidence against public officials in Williamson, in Mingo County, West Virginia, during his tenure as a police officer until 1980. Wellman spoke with the county prosecutor, state officials and federal officials to secure prosecution of crimes which Wellman believes have occurred in Mingo County. Wellman eventually had legal problems of his own, as his wife signed a warrant for his arrest for battery, and as Wellman was later indicated for and pled guilty to a charge of incest. The validity

of Wellman's plea has been considered in a separate habeas corpus proceeding. Wellman's wife's complaint of battery was eventually dropped.

Wellman further alleges generally that his arrest for battery and his prosecution for incest occurred as a result of a conspiracy between members of his family and public officials in Mingo County. Wellman seeks for relief compensatory damages, punitive damages, and that a special prosecutor be appointed to call together a state grand jury to investigate the violations the Plaintiff complains of.

The Court reviews Wellman's complaint and additional submissions to determine whether the Court is satisfied beyond doubt that the Plaintiff states no claim for relief. *Hughes v. Rowe,* 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Hudspeth v. Figgins,* 584 F.2d 1345, 1347 (4th Cir. 1978). Wellman proceeds against federal officials on the basis of 42 U.S.C. § 1983. The Court is aware that 42 U.S.C. § 1983 does not provide for civil actions against federal officials, but Wellman's complaint in these instances will be considered as one attempting to state a cause of action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *District of Columbia v. Carter,* 409 U.S. 418, 432–33, 93 S.Ct. 602, 610, 34 L.Ed.2d 613 (1973).

Wellman seeks relief in the form of monetary damages for failure of various officials named to prosecute and further seeks to compel prosecution of crimes he believes have occurred in Mingo County. The Court assumes for the sake of argument that he has standing to assert these claims. The Court will analyze Wellman's complaint first as posing a question of whether the Court can compel prosecution as sought by the Plaintiff. Second, the Court will consider whether an action for damages can be maintained for the lack of prosecution by the named officials. Third, the Court will determine whether Wellman states a conspiracy action.

■ As a general proposition, federal courts do not involve themselves in a prosecuting attorney's decision to prosecute, and a particular prosecution cannot be compelled. *Nathan v. Smith,* 737 F.2d 1069, 1079 (D.C.Cir.1984); *Littleton v. Berbling,* 468 F.2d 389, 411 (7th Cir.1972); *Peek v. Mitchell,* 419 F.2d 575, 577 (6th Cir.1970); and *Fleetwood v. Thompson,* 358 F.Supp. 310, 311 (N.D.Ill.1972). Exceptions to this rule have been found where Congress has made a specific determination that certain offenses should be prosecuted, *Wren v. Merit System Protection Board,* 681 F.2d 867, 875 n. 9 (D.C.Cir.1982), or where a statute directs an official to perform a non-discretionary function. *Adams v. Richardson,* 480 F.2d 1159, 1162 (D.C.Cir.1973). In *Peek v. Mitchell,* a district court refused to compel prosecution of "known" civil rights violators. *Peek,* 419 F.2d at 577–78. In *Fleetwood v. Thompson* a district court refused to compel prosecution of a witness who had committed perjury against the plaintiff in a criminal trial. *Fleetwood,* 358 F.Supp. at 311.

■ Wellman alleges that he has knowledge of the commission of state crimes such as larceny and that local and federal officials refused to prosecute these crimes after Wellman brought them to their attention. No particular federal policy is implicated. This is the type of general decision to prosecute which is typically not compelled by district courts. Accordingly, Wellman's action seeking to compel prosecution and initiation of criminal procedures is dismissed.

■ Wellman also seeks damages for failure to prosecute. Prosecutors are absolutely immune for the quasi-judicial functions. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Cribb v. Pelham,* 552 F.Supp. 1217 (D.S.C.1982). The functions protected include those involved with initiating and pursuing a criminal prosecution. *Cribb,* 522 F.Supp. at 1221. The purposes for giving prosecutors absolute immunity are fourfold. First, the Supreme Court wished to protect a prosecutor's ability to exercise his discretion for

the benefit of the public. *Imbler,* 424 U.S. at 423, 96 S.Ct. at 991–92. Second, the Court wished to allow absolute as opposed to qualified immunity as qualified immunity would not sufficiently protect the prosecutors. A prosecutor's duties frequently impact upon others' constitutional rights. *Imbler,* 424 U.S. at 423, 96 S.Ct. at 991–92. Third, the Court wished to avoid a prosecutor's decision from being influenced by the possibility of civil suit. *Imbler,* 424 U.S. at 426, 96 S.Ct. at 993. Fourth, the Court wished to avoid trial court decisions on criminal cases from being influenced by the possibility of civil suits against the prosecutor. *Imbler,* 424 U.S. at 427, 96 S.Ct. at 993; *Hooper v. Sachs,* 618 F.Supp. 963, 972 (D.Md.1985). The decision of whether to prosecute has been held to be a decision within the prosecutor's absolute immunity. *Dellums v. Powell,* 660 F.2d 802, 806–07 (D.C.Cir.1981); *Hooper,* 613 F.Supp. at 972; *Cribb,* 552 F.Supp. at 1222.

 In the instant action, Wellman attacks the federal and state prosecutors' decisions not to prosecute the crimes which Wellman has brought to their attention. The decision of whether or not to prosecute in these instances was a discretionary decision, not compelled by any particular statute or legislative mandate, and further was a decision in determining how to apply the prosecutor's or United States Attorney's resources to best serve the public interest. Thus, the decision of whether to prosecute on the basis of Wellman's complaints fell within the quasi-judicial functions of the prosecutor and accordingly, absolute immunity attaches to the decision not to prosecute in this instance. Wellman's claim for damages must, therefore, be dismissed.

Wellman makes a general allegation of conspiracy which contends that members of his family, the local prosecutor, state officials and federal officials have conspired not to prosecute the crimes to which he has alerted them. Terse, conclusory references to conspiracy will not save an otherwise meritless complaint. *Ostrer v. Aronwald,* 567 F.2d 551, 553 (2d Cir. 1977); *U.S. ex rel. Simmons v. Ziblich,* 542

F.2d 259, 262 (5th Cir.1976); *Tosta v. Hooks,* 568 F.Supp. 616, 620 (E.D.Pa.1983); *Rende v. Rizzo,* 418 F.Supp. 96, 97 (E.D.Pa. 1976). Adding conspiracy with private persons to his claim against the prosecutor for failure to prosecute will not make the failure to prosecute actionable. *Fleetwood v. Thompson,* 358 F.Supp. 310, 311 (N.D.Ill. 1972).

The Court has examined the allegations of conspiracy contained in Wellman's complaint and determines that these allegations do not suffice to pierce the prosecutor's immunity or the prosecutor's discretion in determining when to prosecute.

The Court, therefore, determines that the Plaintiff's complaint, liberally construed, beyond doubt, fails to state a claim for relief and it is accordingly dismissed.