16 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Glen L. HAWKINS, Plaintiff-Appellant,
v.
Diane STEIBLE, Defendant-Appellee.
 No. 93-3892.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1994.
 
 1
 Before: MILBURN and BOGGS, Circuit Judges, and MILES, Senior District Judge.*
 
 ORDER
 
 2
 This pro se Ohio plaintiff appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1987. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Glen L. Hawkins is currently serving a term of six to twenty years based on his guilty plea to two counts of sexual battery and as a fourth degree felony offender. In a complaint filed pursuant to 42 U.S.C. Sec. 1987, Hawkins sought to compel the prosecution of various persons, including the mother of the children who were the alleged victims of the offenses. He alleged that the defendants conspired to falsely accuse him, to selectively prosecute him, and to deprive him of his rights of due process.
 
 
 4
 In an attached affidavit, Hawkins provided his version of the events leading up to his arrest and culminating in his guilty plea. He maintained that he is innocent of the offenses of conviction and that he pleaded guilty only to avoid trial and a possible life sentence. He maintained that his guilty plea was not knowing and voluntary and that his counsel failed to render effective assistance.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion by dismissing the complaint as frivolous within the meaning of 28 U.S.C. Sec. 1915(d). See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 6
 First, Hawkins's request for relief under 42 U.S.C. Sec. 1987 lacks an arguable basis in law. Whether to investigate, arrest and prosecute various state officers and officials for alleged civil rights violations is a matter within the discretion of the United States attorney, and such prosecution cannot be compelled. See Inmates of Attica Correctional Facility v. Rockefeller, 477 F.2d 375, 379-80 (2d Cir.1973); Peek v. Mitchell, 419 F.2d 575, 577 (6th Cir.1970).
 
 
 7
 Second, to the extent that Hawkins challenges his conviction and sentence, he must bring his claims in a petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254 after first exhausting his available state court remedies. Although Hawkins alleged that he is poorly educated and financially unable to pursue post-conviction relief, he has not shown that his available state court remedies have been exhausted. See 28 U.S.C. Sec. 2254(b).
 
 
 8
 Third, to the extent that the complaint can be construed as a request for injunctive relief filed under 42 U.S.C. Sec. 1983, it similarly lacks an arguable basis in law. When a prisoner challenges the fact or duration of his physical imprisonment and seeks a determination that he is entitled to immediate release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Moreover, a request for relief under Sec. 1983 is premature. Because a decision on the merits would require comment on the legality of his state court conviction, Hawkins must first establish that he was denied his constitutional rights through a petition for a writ of habeas corpus. See Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985) (per curiam).
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation