**Robert L. JARRETT, Jr.,**
**Plaintiff–Appellant,**

v.

**John ASHCROFT, Attorney General;**
**United States Attorneys Office, Co-**
**lumbus, Ohio, Defendants–Appellees.**

No. 01–3530.

United States Court of Appeals,
Sixth Circuit.

Dec. 14, 2001.

Before KENNEDY, MOORE, and COLE, Circuit Judges.

## ORDER

Robert L. Jarrett Jr., a pro se litigant, requests en banc consideration and appeals a district court order dismissing his mandamus complaint, filed pursuant to 28 U.S.C. § 1361. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

As best can be construed from Jarrett's complaint, he was unhappy with the result of a bankruptcy proceeding filed in California and appealed to the United States Supreme Court. He registered his complaint with the United States Attorneys Office in Columbus, Ohio, apparently seeking to have the alleged violations of his rights during the bankruptcy proceedings investigated. When that office took no action on his request, he filed this complaint seeking to compel the United States Attorney and the Attorney General to investigate the crimes committed against him by court personnel in the bankruptcy proceedings.

A magistrate judge screened the complaint and recommended that it be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2). Over

Jarrett's objections, the district court adopted the magistrate judge's recommendation and dismissed the complaint. Jarrett's post-judgment motions for recusal of the district court judge and a new trial were also denied. Jarrett's brief on appeal apparently reiterates the claim raised below, and argues that the district court judge should have recused himself because Jarrett had filed suit against another district court judge.

Upon review, we conclude that this complaint was properly dismissed for failure to state a claim, as Jarrett could prove no facts which would entitle him to the relief requested. *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir.1996).

■ A mandamus action may be brought under 28 U.S.C. § 1361 to compel an employee of the United States to perform a duty owed, but the duty owed must be mandatory and not discretionary. *Ryon v. O'Neill,* 894 F.2d 199, 205 (6th Cir.1990). Therefore, mandamus cannot be used to compel the Attorney General or the United States Attorney to conduct investigations or prosecute alleged civil rights violators. *Id.* at n. 3 (citing *Peek v. Mitchell,* 419 F.2d 575, 577 (6th Cir.1970)). Because defendants owed Jarrett no mandatory duty to investigate his complaint, *see Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir.1989), his complaint failed to state a claim for mandamus relief and was properly dismissed.

■ Jarrett's post-judgment motion for recusal of the district court judge was also without merit and properly denied. Disagreement with a court's ruling in a case is not a ground for recusal. *Liteky v. United States,* 510 U.S. 540, 555–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Jarrett's allegation that the dismissal of his complaint was due to the fact that he had sued a different district court judge is completely unsupported. As discussed above, the district court had a legitimate basis for dismissing this complaint, as it failed to state a claim.

Accordingly, the district court's order dismissing this complaint is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit. All pending motions are denied.