Paul VAN CLEAVE, Plaintiff,

v.

**CITY OF MARYSVILLE, KANSAS, et al., Defendants.**

No. CIV. 01–2233–CM.

United States District Court, D. Kansas.

Jan. 9, 2002.

Paul L. Cleave, Tonganoxie, KS, Pro se.

David R. Cooper, Fisher, Patterson, Sayler & Smith, Topeka, KS, Michael T. Jilka, Wendell F. Cowan, Jr., Shook, Hardy & Bacon L.L.P., Overland Park, KS, for Defendants.

## MEMORANDUM AND ORDER

MURGUIA, District Judge.

Plaintiff Paul Van Cleave, who appears pro se, alleges that defendants infringed on his constitutional rights in violation of 42 U.S.C. § 1983. Plaintiff also asserts various state law claims. This matter is before the court on defendant Keith Sprouse's motion to dismiss (Doc. 14) and defendant Kenneth Coggins's motion to dismiss (Doc. 16).

### I. Standards

The court will dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir.1998), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, *Maher*, 144 F.3d at 1304, and all reason-

able inferences from those facts are viewed in favor of the plaintiff, *Witt v. Roadway Express*, 136 F.3d 1424, 1428 (10th Cir. 1998). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), overruled on other grounds, *Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984).

The court is mindful that plaintiff in this case appears pro se. Accordingly, while the court should liberally construe a pro se plaintiff's complaint, "the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations." *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir.1992).

## II. Facts

Plaintiff's cause of action arises out of events which took place on October 31, 1999. As alleged in the complaint, plaintiff met a man named Mike Frazier at a club in Marysville, Kansas. Mr. Frazier apparently was drunk, and his wife had left him at the club. At plaintiff's suggestion, plaintiff and Mr. Frazier left the club together and went to plaintiff's residence. Once inside, plaintiff alleges that Mr. Frazier pulled his pants and underwear down and asked plaintiff to have sex with him. Plaintiff claims that he told Mr. Frazier that he did not want to have sex and that he would call the police if Mr. Frazier did not stop. Plaintiff took Mr. Frazier to his (Mr. Frazier's) residence, and then plaintiff drove back home.

That evening, Mr. Frazier went to the Marshall County Confinement Center, where officer Dave Waring of the Marysville Police Department was dispatched. Mr. Frazier told police that plaintiff had raped him. According to plaintiff, Mr. Frazier told the officer that plaintiff took him into a bedroom, hit him on the face, then held Mr. Frazier down while plaintiff had non-consensual sex. Thereafter, Mr. Frazier submitted to a rape exam, which plaintiff alleges revealed no bruises, scrapes, scratches, or other evidence of rape.

Plaintiff further contends that defendant Todd Ackerman, chief of police, prepared a probable cause affidavit for defendant Sprouse, county attorney. Sprouse filed charges against plaintiff for aggravated sodomy, kidnaping, and battery. A district magistrate judge issued an arrest warrant, and plaintiff was arrested on November 4, 1999. On January 27, 2000, defendant Sprouse dismissed the criminal charges against plaintiff.

## III. Discussion

### A. Defendant Sprouse

Plaintiff contends that defendant Sprouse violated his constitutional rights by filing criminal charges. Defendant Sprouse argues that he is entitled to absolute immunity.

Prosecutors are entitled to absolute immunity when they are acting within the scope of their duties as prosecutors. *Imbler v. Pachtman*, 424 U.S. 409, 427–28, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Specifically, prosecutors enjoy absolute immunity in the preparation and filing of criminal charges. *Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997). However, a prosecutor is entitled to qualified immunity when engaging in administrative duties and investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution. *Burns v. Reed*, 500 U.S. 478, 494–496, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991).

Plaintiff in this case argues that defendant Sprouse is entitled only to quali-

fied immunity because, plaintiff contends, defendant Sprouse was incompetent in his investigation. However, "[t]here is no question in this circuit that prosecutors are absolutely immune from liability for allegedly failing to conduct an adequate, independent investigation of matters referred to them for prosecution." *Scott v. Hern*, 216 F.3d 897, 909 (10th Cir.2000) (citation omitted); see also *Rose v. Bartle*, 871 F.2d 331, 345 & n. 12 (3d Cir.1989) (finding absolute immunity from allegation of instituting grand jury proceedings without investigation and without good faith belief that any wrongdoing occurred); *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir.1979) (holding that alleged failure to investigate prior to filing information is protected by absolute immunity). Plaintiff has failed to allege that defendant Sprouse engaged in any conduct outside the course of his role as an advocate for the state and, as such, defendant Sprouse is entitled to absolute immunity. Plaintiff's § 1983 claims against defendant Sprouse are dismissed.

## B. Defendant Coggins

Plaintiff contends that defendant Coggins, Sheriff of Marshall County, should be held liable under § 1983 for false arrest, false imprisonment, and malicious prosecution. The court will address these claims in a Fourth Amendment context. *Taylor v. Meacham*, 82 F.3d 1556, 1560 (10th Cir. 1996) (holding that the Fourth Amendment governs pretrial deprivations of liberty).

Under the Fourth Amendment, an arrest warrant must be supported by probable cause. *Wong Sun v. United States*, 371 U.S. 471, 481 n. 9, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Plaintiff claims that the arrest warrant was not supported by probable cause and that, therefore, his subsequent arrest, imprisonment, and prosecution were in violation of his constitutional rights. However, plaintiff's complaint alleges that defendant Todd Acker-

man, Chief of Police of Marysville, Kansas, prepared the probable cause affidavit. Nowhere does plaintiff allege that defendant Coggins had any involvement in the preparation of the probable cause affidavit. Rather, plaintiff alleges that members of the Marshall County Sheriff's Department (and the Marysville Police Department) executed the arrest warrant. In fact, plaintiff argues in his response brief that defendant Coggins should be held liable merely because of his status as head law enforcement officer of Marshall County.

■ In the Tenth Circuit, a party who does not participate in the application for an arrest warrant bears no liability for any lack of probable cause in applying for the arrest warrant. *Salmon v. Schwarz*, 948 F.2d 1131, 1136–37 (10th Cir.1991). In this case, there exists no allegation that defendant Coggins participated in the application for plaintiff's arrest warrant. As such, defendant Coggins's only potential liability would concern his execution of the arrest warrant.

■ Where an officer has no role in preparing a probable cause affidavit, and where the warrant issued by a magistrate is facially valid, the execution of that warrant is protected by the doctrine of qualified immunity. *Id.* at 1140. The court's review of whether a defendant is entitled to qualified immunity at the motion to dismiss stage is limited to the pleadings. *Dill v. City of Edmond, Okla.*, 155 F.3d 1193, 1203 (10th Cir.1998). Where the qualified immunity defense is asserted, the complaint must "contain 'specific, non-conclusory allegations of fact sufficient to allow the … court to determine that those facts, if proved, demonstrate that the actions taken were not objectively reasonable in light of clearly established law.'" *Id.* (citation omitted). In this case, plaintiff has not alleged any facts which, if proved, would demonstrate that the actions taken by defendant Coggins were not objectively

reasonable. Plaintiff's only allegations regarding the execution of the arrest warrant by the Marshall County Sheriff's Department are as follows: Plaintiff claims that, before his arrest, he heard he was being accused of rape, so he contacted the Marshall County Sheriff's Department, who in turn referred plaintiff to the Marysville Police Department. Later in his complaint, plaintiff alleges that members of the Marshall County Sheriff's Department and Marysville Police Department arrested plaintiff without incident. These are the only factual allegations concerning the execution of the arrest warrant by defendant Coggins or the Marshall County Sheriff's Department. Plaintiff makes no allegation that the arrest warrant was facially invalid, nor does plaintiff assert any facts tending to show that defendant Coggins had reason to believe that the execution of the arrest warrant was improper. The court finds that an objectively reasonable officer could have believed that defendant Coggins's execution of the facially valid arrest warrant was proper and, as such, his conduct was protected by the defense of qualified immunity. Accordingly, plaintiff's § 1983 claim against defendant Coggins for false arrest, false imprisonment, and malicious prosecution is dismissed.

 Plaintiff also alleges that defendant Coggins is liable under § 1983 for failure to adequately hire, retain, train, supervise, or discipline his employees. Once a court concludes that an employee committed no constitutional violation, the claim against the supervisory authority is properly dismissed. *Webber v. Mefford*, 43 F.3d 1340, 1344–45 (10th Cir.1994). In the case at hand, plaintiff does not allege that any employee of the Marshall County Sheriff's Department participated in the application for plaintiff's arrest warrant. Moreover, plaintiff makes no allegation that any employee of the Marshall County Sheriff's Department had reason to believe

that the execution of the arrest warrant was improper. Accordingly, plaintiff's § 1983 claim against defendant Coggins for failure to adequately hire, retain, train, supervise, or discipline his employees is dismissed.

## C. Supplemental Jurisdiction

Both defendants Sprouse and Coggins urge the court to decline to exercise supplemental jurisdiction over plaintiff's state law claims. The court finds that plaintiff's state law claims are related to the federal question claims asserted by plaintiff against other defendants as to warrant the exercise of supplemental jurisdiction.

**IT IS THEREFORE ORDERED** that defendant Sprouse's motion to dismiss (Doc. 14) is granted. Plaintiff's § 1983 claims against defendant Sprouse are hereby dismissed.

**IT IS FURTHER ORDERED** that defendant Coggins's motion to dismiss (Doc. 16) is granted. Plaintiff's § 1983 claims against defendant Coggins are hereby dismissed.