Todd Hunter RANKIN, Plaintiff,

v.

BERKELEY COUNTY SHERIFF'S DEPARTMENT, a Political Subdivision, Ronald Jones, Individually and in his capacity as Sheriff of Berkeley County, West Virginia; Christopher S. McCulley, Individually an in his capacity as a Deputy for the Berkeley County Sheriff's Department; John Vanorsdale, Jr., Individually and in his capacity as Deputy for the Berkeley County Sheriff's Department; The Berkeley County Commission, a Political Subdivision; The Berkeley County Prosecuting Attorney's Office, a Political Subdivision; Pamela Games-Neely, Individually and in her capacity as the agent for the Berkeley County Prosecuting Attorney's Office; and Lynn Nelson, acting in his individual capacity and in his official capacity as a Special Prosecutor appointed by the West Virginia Prosecutor's Institute, Defendants.

CIVIL ACTION NO. 3:02–CV–04.

United States District Court,
N.D. West Virginia.

Sept. 19, 2002.

Laura R. Rose, Martinsburg, WV, for Plaintiff.

Lucien G. Lewin, Steptoe & Johnson, Bridget M. Cohee, Martinsburg, WV, for Defendant.

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDA-TIONS

BROADWATER, District Judge.

The above styled matter came before the Court for a determination of whether to adopt Magistrate Judge James E. Seibert's Report and Recommendation.[1] For the following reasons the Court adopts the Report and Recommendation of the Magistrate.

### BACKGROUND

This matter is before the Court pursuant to plaintiff's 42 U.S.C. § 1983 claim against defendant. This suit was filed on January 17, 2002 alleging that the defendants violated plaintiff's constitutional rights guaranteed by the West Virginia and United States Constitution. Plaintiff seeks compensatory damages, punitive damages, prejudgment and postjudgment interest, his costs, including reasonable attorney's fees, and any other relief deemed necessary by the Court. Defendants Berkeley County Commission, Berkeley County Prosecuting Attorney's Office, Berkeley County Sheriff's Department, Pamela Games–Neely and Lynn Nelson all moved to dismiss the complaint pursuant to Rule 12(b)(6).

### STANDARD OF REVIEW

A claim under 42 U.S.C. § 1983 "must allege facts sufficient to show deprivation, by virtue of state action, of a right secured by the Constitution or other law of the United States."[2] The Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts upon which he bases his claim, but instead require only a "short and plain statement of the claim showing that the plaintiff is entitled to relief."[3] However, "[c]onclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition."[4]

In ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must accept as true all well-pleaded material factual allegations.[5] Dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief can be granted under any set of facts that could be proven consistent with the allegations of the complaint.[6]

### FACTS

According to plaintiff's complaint, this matter arises out of an incident which

---

1. Doc. # 34

2. *Ogilbee v. Western District Guidance Center*, 658 F.2d 257 (4th Cir.1981).

3. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

4. *Migdal v. Rowe Price–Fleming Int'l*, 248 F.3d 321, 326 (4th Cir.2001).

5. *Advanced Health–Care Services, Inc. v. Radford Community Hosp.*, 910 F.2d 139, 143 (4th Cir.1990).

6. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

occurred on or about January 17, 2000. On that evening, plaintiff was involved in a confrontation with his employer, Larry Schroyer. Following the confrontation, Schroyer sought a warrant for plaintiff's arrest. Plaintiff asserts that defendants McCulley, Gardner and Vanorsdale, while acting in their official capacity for the Berkeley County Sheriff's Department, and in conspiracy with one another, assaulted plaintiff, inflicting serious bodily injury. Plaintiff was thereafter hospitalized for ten days in order to receive treatment for a collapsed lung.

The Sheriff's Department followed by charging plaintiff with malicious wounding. This charge was dropped following evaluation by the magistrate. Plaintiff asserts that he then requested that Games–Neely investigate the activities of McCulley, Gardner and Vanorsdale but that Games–Neely refused to conduct such an investigation. Plaintiff's counsel later appeared before the Berkeley County Grand Jury, presenting evidence of crimes committed by the arresting officers against plaintiff. The Berkeley County Grand Jury returned 15 indictments against the deputies which were all dismissed without prejudice. Following a subsequent indictment against plaintiff for wounding Schroyer, plaintiff pled no contest to simple assault.

### ANALYSIS

Magistrate Judge Siebert recommends Granting the Motions to Dismiss of Pamela Games–Neely, Lynn Nelson, the Berkeley County Prosecuting Attorney's Office, the Berkeley County Sheriff's Department and the Berkeley County Commission, in relation to plaintiff's federal claims. Magistrate Seibert further recommends that plaintiff's state claims be dismissed without prejudice. After careful analysis of all materials submitted to the Court by each party, the Court concurs with the Magistrate's Report and Recommendation and finds that it should be Adopted.

### Pamela Games–Neely Individually and as Agent for Berkeley County Prosecuting Attorney's Office

■ The Court finds that, regardless of whether plaintiff has stated a valid claim against Pamela Games–Neely and the Berkeley County Prosecuting Attorney's Office, the claims are barred by Games–Neely's immunity. Plaintiff asserts that his due process rights and equal protection rights were violated. However, prosecuting attorneys, as individuals, have absolute immunity for their decisions regarding prosecutorial functions.[7] Prosecuting attorneys also have absolute immunity "for initiating a prosecution and in presenting the State's case,"[8] which includes preparing and filing charging documents.[9] Prosecutors are immune from individual liability when deciding whether to prosecute, even if the decision is malicious.[10]

■ Prosecuting attorneys are also absolutely immune for failing to independently investigate matters that are referred to them for prosecution[11] and are entitled to absolute immunity for decisions not to prosecute.[12] Finally, the decision whether or not to prosecute and what

7. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Ostrzenski v. Seigel,* 177 F.3d 245 (4th Cir.1999).

8. *Imbler* at 431, 96 S.Ct. 984.

9. *Kalina v. Fletcher,* 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997).

10. *Imbler* at 427, 96 S.Ct. 984.

11. *Van Cleave v. City of Marysville, Kansas,* 185 F.Supp.2d 1212 (D.Kan., 2002).

12. *Roe v. City and County of San Francisco,* 109 F.3d 578 (9th Cir.1997); *Harrington v. Almy,* 977 F.2d 37 (1st Cir.1992); *Wellman v. West Virginia,* 637 F.Supp. 135 (S.D.W.Va., 1986).

charges to bring rests entirely within the discretion of the prosecutor.[13] Therefore, Games–Neely has absolute immunity for her prosecution of plaintiff, whether it was vindictive or not.

■■■■ Even though a prosecutor has absolute immunity for a decision not to prosecute, qualified immunity exists for a decision not to investigate.[14] In this matter, Games–Neely has qualified immunity for not investigating the deputies alleged wrongdoing against plaintiff. Since no constitutional right to have individuals investigated exists, plaintiff's claim against Games–Neely for not investigating the deputies is barred by her qualified immunity. The Court, therefore, finds that plaintiff's claims against Pamela Games–Neely and the Berkeley County Prosecuting Attorney's Office are barred by her absolute and qualified immunity and the Motion to Dismiss should be Granted.[15]

### Lynn Nelson

Lynn Nelson is involved in this matter due to his position as Special Prosecuting Attorney as appointed by the West Virginia Prosecutor's Institute. Plaintiff has accused Nelson of failure to prosecute and investigate. The same immunity analysis used for Games–Neely should be utilized to analyze Nelson's Motion to Dismiss. Plaintiff's claim against Nelson for failure to prosecute the deputies is barred by

absolute immunity. Furthermore, plaintiff's claim for failing to investigate plaintiff's claim against the deputies is subject to qualified immunity and, as stated above, there is no constitutional right to have individuals investigated. The Court, therefore, finds that plaintiff's claims against Lynn Nelson are barred by his absolute and qualified immunity and his Motion to Dismiss should be Granted.[16]

### Berkeley County Commission

■■■■ The Fourth Circuit has established that, in regards to § 1983 claims, a county is considered a municipal entity.[17] Municipal entities have absolute immunity from punitive damages[18] and are not liable under the theory of respondeat superior.[19] However, a municipality may be held liable for monetary, declaratory, and injunctive relief under § 1983 if there is a municipality policy or custom that is "the moving force for the violation of constitutional rights."[20] The Fourth Circuit held, "Plaintiffs seeking to impose liability on a municipality under § 1983 must, therefore, adequately plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and that the policy proximately caused the deprivation of their rights."[21] Furthermore, "policy" was defined by the United States Supreme Court as "a course of action consciously chosen from among various alternatives."[22]

---

**13.** *Wellman* at 138.

**14.** *Langworthy v. Dean*, 37 F.Supp.2d 417 (D.Md., 1999).

**15.** Doc. # 2

**16.** Doc. # 8

**17.** *Revene v. Charles County Commissioners*, 882 F.2d 870, 874 (4th Cir.1989).

**18.** *City of Newport v. Fact Concerts*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

**19.** *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

**20.** *Id.*

**21.** *Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir.1999) (quoting *Jordan by Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994)).

**22.** *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 841, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985).

▮ Plaintiff claims the Berkeley County Commission is liable in this matter for, among other things, their "[f]ailing to require the Defendant Berkeley County Sheriff's Department to seek out, negate and prevent the execution of any policy or agreement, written or unwritten, wherein its members physically assault and beat up any person accused of a criminal offense." The allegations in this matter fail to adequately plead a "policy" of inadequate training, supervising and hiring. The bold assertions and conclusory statements made by plaintiff in his complaint do not state a claim. At no time has plaintiff identified an actual policy regarding the hiring, supervising, and training of the deputies. Likewise, plaintiff fails to identify other people harmed by the alleged "policy" and "[p]roof of a single incident of the unconstitutional activity charged is not sufficient to prove the existence of a municipal custom."[23]

Plaintiff further claims that the Berkeley County Commission is liable for the hiring of McCulley. However, in order for the County Commission to be liable for the hiring, plaintiff must demonstrate that the hiring decision reflected a "conscious disregard for an obvious risk" that McCulley would use excessive force in violation of plaintiff's federally protected rights.[24] Plaintiff failed to demonstrate that there was any such disregard demonstrated in the decision to hire McCulley. Finally, the Berkeley County Commission's indemnification of the deputies does not "constitute a ratification of the deputies alleged

wrongs."[25] For all these reasons, the Court finds that plaintiff has not set forth sufficient facts to demonstrate a violation of his federal rights and that defendant Berkeley County Commission's Motion to Dismiss should be Granted in regard to plaintiff's federal claims.[26]

### Berkeley County Sheriff's Department

▮ The Fourth Circuit has established that the Berkeley County Sheriff's Department is not liable as a separate entity in this matter. The Court in *Revene v. Charles County Commissioners* found that, "[t]he separate claim against the 'Office of Sheriff' was rightly dismissed on the basis that this 'office' is not a cognizable legal entity separate from the Sheriff in his official capacity and the county government of which this 'office' is simply an agency."[27] The Court concurs with this reasoning from *Revene* in finding that the Berkeley County Sheriff's Department is not a separate cognizable legal entity. Therefore, the Court finds that defendant Berkeley County Sheriff's Department's Motion to Dismiss should be Granted in regard to plaintiff's federal claims.[28]

### State Law Claims

▮ A District Court has discretion on whether to decline to exercise supplemental jurisdiction over state law claims. When discussing the exercise of supplemental jurisdiction, the Fourth Circuit, in *Semple v. City of Moundsville*, stated:

---

23. *Semple v. City Moundsville*, 195 F.3d 708, 713 (4th Cir.1999).

24. *Board of the County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 415, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).

25. *Brown v. City of Chicago*, 573 F.Supp. 1375 (N.D.Ill., 1983); *Trevino v. Gates*, 99 F.3d 911 (9th Cir.1996), *cert. denied*, 520 U.S.

1117, 117 S.Ct. 1249, 137 L.Ed.2d 330 (1997).

26. Doc. # 10

27. *Revene v. Charles County Commissioners*, 882 F.2d 870, 874 (4th Cir.1989).

28. Doc. # 25

A district court may exercise its discretion over state law claims made in the case through supplemental jurisdiction pursuant to 28 U.S.C. § 1367 when there is a federal basis for jurisdiction. *See Shanaghan v. Cahill,* 58 F.3d 106, 109 (4th Cir.1995). A district court exercises its discretion by considering factors that include "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, or consideration of judicial economy". *Id* at 110.[29]

The determination of whether the parties to this matter are immune from liability under the Governmental Tort Claims and Insurance Reform Act would be better handled by a state court. Therefore, through an analysis of *Semple* and plaintiff's state law claims in this matter, the Court finds that the Court should not exercise supplemental jurisdiction.

### Attorney's Fees

 Under 42 U.S.C. § 1988, the Court has discretion to award attorney's fees. Prevailing defendants must show that the plaintiff's claims were objectively frivolous, unreasonable, groundless or that the plaintiff continued to litigate after his claim clearly became so.[30] Regardless of the decision in this matter, the Court finds that plaintiff's conduct has not reached a level that would constitute awarding attorney's fees.

### Tort of Outrage

Defendants filed a Joint Motion to Dismiss plaintiff's claim of the tort of outrage.[31] Defendants argue that plaintiff's claim for the tort of outrage is barred by the statute of limitations. The statute of limitations for filing an action pursuant to 42 U.S.C. § 1983 is based on the state limitations period applicable to a personal injury action.[32] A two year statute of limitations for personal injury actions exists in West Virginia under W. Va.Code § 55–2–12. Therefore, a two year statute of limitations applies to § 1983 claims. However, pursuant to W.Va.Code § 55–2–12 and case law, the tort of outrage, a state law claim, is governed by a one year statute of limitations.[33] Therefore, even though plaintiff's § 1983 claim has a two year statute of limitations, the claim for tort of outrage has a one year statute of limitations. Plaintiff's claim of the tort of outrage was not filed within the one year statute of limitations and is, therefore, untimely and will be Dismissed by the Court.

It is, therefore, **ORDERED,** that:

1. The Motion to Dismiss of defendant Games–Neely and the Berkeley County Prosecuting Attorney's Office is GRANTED in relation to plaintiff's federal claims;

2. The Motion to Dismiss of defendant Nelson is GRANTED in relation to plaintiff's federal claims;

3. The Motion to Dismiss of defendant Berkeley County Commissioner's Office is GRANTED in relation to plaintiff's federal claims;

4. The Motion to Dismiss of defendant Berkeley County Sheriff's Department is GRANTED in relation to plaintiff's federal claims;

5. The Court will not exercise supplemental jurisdiction over plaintiff's state

---

**29.** *Semple v. City of Moundsville,* 195 F.3d 708, 714 (4th Cir.1999).

**30.** *Introcaso v. Cunningham,* 857 F.2d 965, 967 (4th Cir.1988).

**31.** Doc. # 25

**32.** *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).

**33.** *Ricottilli v. Summersville Mem. Hosp.,* 188 W.Va. 674, 425 S.E.2d 629 (W.Va., 1992).

law claims, and they are DISMISSED without prejudice;

6. Defendant's Motions for attorney fees is DENIED; and

7. Defendants' Joint Motion to Dismiss the Tort of Outrage is GRANTED.

The Clerk is directed to transmit true copies of this Order to all counsel of record herein.