JUDGMENT

PER CURIAM.
This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by the appellant. See Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is
ORDERED AND ADJUDGED that the district court’s order issued May 19, 2009, be affirmed. The district court properly construed the appellant’s complaint as a mandamus petition and dismissed it due to the appellant’s failure to show he had a clear right to the relief requested. See Power v. Barnhart, 292 F.3d 781, 784 (D.C.Cir.2002); Heckler v. Chaney, 470 U.S. 821, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985) (holding that the Administrative Procedure Act, 5 U.S.C. §§ 701-706, only provides for judicial review of an agency’s failure to act when the action is not committed to agency discretion by law). The regulation on which the appellant relies, 28 C.F.R. § 0.50, describing the general functions of the Civil Rights Division, serves an organizational purpose and does not make it mandatory for the Civil Rights Division to investigate every civil rights violation alleged. See Peek v. Mitchell, 419 F.2d 575 (6th Cir.1970) (holding that the Attorney General could not be compelled to investigate allegedly known civil rights violators because the matter was committed to prosecutorial discretion).
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.